All the Justices concurring.

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. MARTHA JANE SNAVELEY.

1. FIRE *Caused by Locomotive — Pleading.*   In an action against a railroad company for damages caused by fire, where the plaintiff alleges in his pleading facts sufficient, which would, if proved, make out a *prima facie* case against the railroad company under chapter 155 of the Laws of 1885, (Gen. Stat. of 1889, ¶ 1321,) sufficient facts are alleged to constitute a cause of action against the railroad company.

2. ——— *Motion to Make Definite.*   A motion made by the defendant to require the plaintiff to so amend his pleading as to make it more definite and certain is generally made too late when it is not made until after the case is called for trial.

*Error from Wilson District Court.*

THE opinion states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*J. K. Demoss,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Wilson county, on December 12, 1888, by Martha Jane Snaveley against the St. Louis & San Francisco Railway Company, to recover for alleged injuries to her property resulting from fire caused by the railway company in the operation of its railroad. The bill of particulars of the plaintiff filed in the justice's court, omitting title and signature, reads as follows:

"The plaintiff alleges the defendant is an incorporated railway company, incorporated under the laws of the state of Missouri, and doing business in the state of Kansas; that she is the owner of a farm of 160 acres of land just east of Neodesha, in Wilson county, Kansas; that the defendant railroad runs through her said farm; that in the operation of said railroad the defendant set fire to and burned up her corn and fodder and grass and killed her meadow, in the fall of 1887, and this damages her in the sum of $30. And plaintiff further alleges that the defendant, in the operation of said railroad during the last past fall, set fire to and burned up her hay, grass, pasture, and hedge fence, and thus damaged her in the sum of $50; that the said defendant, the St. Louis & San Francisco Railway Company, has neglected and failed and refused to pay to her her said damages, or any portion or part thereof, although often requested so to do. Wherefore she brings suit, and prays the court to give her a judgment against said defendant company for $80, and for costs of suit. And plaintiff says it is necessary for her to employ an attorney to prosecute her suit, and therefore she employs an attorney so to do, and that his services are reasonably worth $50. Wherefore she asks for a judgment for her attorney's fees for $50, in addition to her loss so as above stated, and for which she will ever pray."

Judgment was rendered in the justice's court in favor of the plaintiff and against the defendant, and the defendant appealed to the district court. The appeal was taken on December 18, 1888, and the transcript and papers were filed in the district court on December 29, 1888. Nothing was done in the case in the district court of any importance until Feb-

ruary 11, 1889.   The following journal entry will show what
then and afterward, up to and on February 14, 1889, occurred:

"Sixth day, February term, the same being Monday, Feb-
ruary 11, 1889.   And now on this day, at 8:30 A. M., this
cause came on for trial, it being regularly set for trial at said
time, plaintiff being present both in person and by attorney,
and the defendant came not.   Thereupon the court on its mo-
tion passed the cause to 2:00 P. M. this day, and at said time
the plaintiff appeared as before, and the defendant appeared
by Mansfield, Eaton & Pollock, its attorneys; and thereupon
the case being called for trial, the defendant asked leave of the
court to file its motion to require the plaintiff to make her
bill of particulars more definite and certain, which request the
court held came too late, and overruled and denied the same,
to which ruling of the court the defendant then and there duly
excepted; and thereupon a jury was impaneled and sworn to
try the case, consisting of the following-named persons: Benj.
Seem, Geo. Sherbenow, S. Williams, Wm. Potter, Nathan Nel-
son, S. D. Roberts, J. G. Eby, J. M. King, Geo. Shelly, S. L.
Friedline, J. H. Koger, Henry Dixon; and thereupon the
plaintiff offered to introduce her evidence in support of her
allegation in her bill of particulars contained, to which the
defendant by its attorney objected, because said bill of particu-
lars stated no facts sufficient to constitute a cause of action
against the defendant, pending the discussion of which said
objection the plaintiff asked leave to amend her bill of particu-
lars; whereupon the court granted plaintiff leave to amend her
bill of particulars *instanter*, to which ruling of the court the
defendant objected and excepted; and thereupon the defendant
made its application for a continuance of said cause; and there-
upon the court upon his own motion continued said cause until
Thursday, the 14th day of February, 1889, at 8:30 A. M. of
said day, and discharged the jury from the consideration of the
cause; and thereupon, on the 11th day of February, 1889, the
defendant filed its motion to require plaintiff to make her bill
of particulars more definite and certain, which motion was
never called up nor called to the attention of the court.   And
now, upon the ninth day of the February term of this said
court, the same being Thursday, the 14th day of February,
1889, this said cause again coming on for trial, thereupon the
defendant presented a motion filed this day, February 14,
1889, and requiring plaintiff to make her amended bill of par-
ticulars more definite and certain, which said motion the court

held came too late, and thereupon the court overruled the same, to which ruling of the court the defendant duly excepted, which exception was by the court allowed; and thereupon this cause came on to be heard upon the motion of defendant to strike the amended bill of particulars of plaintiff from the files of the court, which said motion was by the court overruled, to which action of the court in overruling the said motion the defendant duly excepted; and thereupon the court ordered a jury called to try the said cause, and a jury of 12 good and lawful men, composed as follows: Benj. Seem, Geo. Sherbenow, S. S. Williams, Wm. Potter, Nathan Nelson, S. D. Roberts, Thos. Frazier, J. M. King, Geo. Shelly, S. L. Friedline, Henry Dixon, T. F. Carngey, were duly impaneled and sworn to try the cause; and thereupon the plaintiff offered to introduce her evidence in support of her bill of particulars, to which the defendant did then and there object to, for the reason that said bill of particulars did not state facts sufficient to constitute a cause of action against this defendant, which objection was by the court overruled, to which ruling of the court the defendant duly excepted, and the defendant then and there announced that it would proceed with the trial of this cause only under protest; and thereupon the plaintiff offered her evidence tending to prove the allegations in her bill of particulars and rested her cause; and thereupon the defendant interposed by its attorneys a demurrer to the evidence, which demurrer was by the court overruled, to which ruling of the court the defendant duly excepted; and thereupon the defendant not offering any evidence, the cause was submitted to the jury under the instructions of the court without argument by counsel; and thereupon the jury retired to consider upon the verdict, and upon the same day returned into open court the following verdict, to wit: 'We, the jury, find for the plaintiff, and we assess the amount of her damage, against the defendant, at $76.30. We find and allow her as a reasonable attorney's fee for the prosecution of the action the sum of $35. Total amount allowed, $111.30.'"

Afterward a motion for a new trial was filed by the defendant and overruled by the court, and judgment was then rendered by the court in favor of the plaintiff and against the defendant, in accordance with the verdict of the jury; and the defendant, as plaintiff in error, has brought the case to this court for review.

The plaintiff in error, defendant below, claims that "the court [below] erred in compelling the defendant to proceed to trial and in overruling the motion to make the bill of particulars more definite and certain." This action was brought under chapter 155 of the Laws of 1885. (Gen. Stat. of 1889, ¶ 1321.) That statute has been held by this court to be constitutional and valid. (*Mo. Pac. Rly. Co. v. Merrill*, 40 Kas. 404.) And it has also been held by this court, that under it proof that a fire which caused the injuries complained of was caused by a railroad company in the operation of its railroad was *prima facie* evidence of negligence on the part of the railroad company in causing the fire. (*Ft. S. W. & W. Rly. Co. v. Karracker*, 46 Kas. 511.) And it has further been held by this court, in the case of *Ft. S. W. & W. Rly. Co. v. Tubbs*, just decided, that under that statute whenever sufficient facts are alleged in the plaintiff's pleading which would, if proved, make out a *prima facie* case against the railroad company, sufficient facts are alleged to constitute a cause of action against the railroad company. It might be better to plead negligence expressly, but when a plaintiff has alleged all the facts which he is required to prove to make out a *prima facie* case, it would seem that his pleading ought to be held to be good. It would be good as against a general demurrer, good upon a motion in arrest of judgment, and sufficient to support a judgment. It is not possible to suppose that the railroad company was misled or taken by surprise; but after the plaintiff's bill of particulars was amended so as to insert allegations of negligence the court gave to the railroad company three more days within which to prepare for trial, which, so far as is shown, was ample time within which to make such preparation, and within which it had the privilege of bringing in its evidence. The only amendment that was made to the plaintiff's bill of particulars was as follows: In the first paragraph the words "through negligence" were inserted, so as to read, "The defendant *through negligence* set fire to and burned up her corn," etc. In the second paragraph the word "negligently" was inserted, so as to read, "The defendant in the

41 — 47 KAS.

operation of said railroad during the last past fall *negligently* set fire to and burned up her hay," etc.   There was certainly no error in requiring the defendant to go to trial on February 14, 1889, after all the delay that had previously occurred, and after the ample notice that the railroad company had of what the plaintiff claimed; nor was there any error committed by the court in overruling the defendant's motion to require the plaintiff to make her bill of particulars more definite and certain.   The only motion of that kind that was overruled by the court was one not filed until February 14, 1889, after one trial had been had before the justice of the peace, and after the case had been three times regularly called for trial in ,the district court — once in the forenoon of February 11, 1889, when the defendant did not appear, once in the afternoon of that day, and once on February 14, 1889.   We think the court below decided correctly that the motion was made too late.   The defendant was deprived of no substantial right; and it was too late when the case was called for trial for the defendant to ask for favors of that kind.

The judgment of the court below will be affirmed.

All the Justices concurring.