THE ATCHISON, TOPEKA & SANTA FE RAILROAD COM-
PANY v. W. T. MATTHEWS *et al.*

No. 10121.

1. ERRORS IN ADMITTING TESTIMONY — *in particular case, held not
   ground for reversal.* Claims of error in the admission of testi-
   mony considered, and held insufficient to warrant a reversal of
   the judgment.

2. ATTORNEY'S FEE AGAINST RAILROADS — *statute allowing, in ac-
   tions for causing fire, constitutional.* Section 2 of chapter 155
   of the Laws of 1885, which authorizes the allowance of an attor-
   ney's fee in actions against railroad companies to recover damages
   caused by fire in the operation of the railroads, does not violate
   the first and eighteenth sections of the Bill of Rights of the Consti-
   tution of this State, or section 1 of article 14 of the Constitution
   of the United States, but is a valid law.

3. FIRE FROM LOCOMOTIVE — *that damage attributable to, may
   be proved by circumstantial evidence.* In an action against a
   railroad company to recover damages for the destruction of an
   elevator by fire alleged to have been negligently caused by the
   company in the operation of its railroad, it is not indispensable to
   prove by direct evidence that the fire escaped from an engine on
   the defendant's road; but if the circumstances shown are ade-
   quate to convince reasonable men that the fire was so caused, the
   jury may properly base a verdict thereon; and, *held,* that there
   was sufficient testimony in this case to uphold a verdict against
   the Company.

4. NEW TRIAL — *need not be granted in doubtful case where
   jury have acted fairly, though judge would have decided
   other way on the evidence.* While it is the imperative duty of
   the trial court to sustain a motion for a new trial in all cases
   where there is an utter failure to prove any essential fact neces-
   sary to support the verdict, and also where the judge is of the
   opinion that the verdict is clearly opposed to the weight of the
   testimony, yet in cases of doubt, where there is sufficient testi-
   mony to support the verdict, if the court after a full considera-
   tion of it approves the verdict and enters judgment thereon, this
   court will not reverse that action merely because the judge states
   that he doubts the correctness of the verdict and would not have
   found as the jury did if the case had been submitted to him as a
   trier of the facts. In doubtful cases, where the jury have acted
   fairly and conscientiously on conflicting evidence, the trial court
   may properly defer to the judgment of the jury and approve a ver-
   dict, even though acting on its own judgment alone it would have
   reached the opposite result.

Error from Cloud District Court.  Hon. F. W. Sturges, Judge.  Opinion filed July 10, 1897.  *Affirmed.*

*A. A. Hurd* and *Stambaugh & Hurd*, for plaintiff in error.

*J. W. Sheafor*, for defendants in error.

ALLEN, J.  This action was commenced by W. T. Matthews and M. L. Trudell against the Atchison, Topeka & Santa Fe Railroad Company, to recover damages for the destruction of their elevator building in Miltonvale, which they alleged was burned by fire negligently permitted to escape from one of the defendant's locomotives.  The trial in the District Court resulted in a verdict and judgment in favor of the plaintiffs for $2,094 damages and $225 attorneys' fees. The building was situated on the right of way of the Union Pacific Railway Company, about eighty-eight feet north from the track of the defendant.  The fire was first discovered between half past six and seven o'clock.  The evidence favorable to the plaintiffs, which seems to have been accepted by the jury, tends to show that the elevator had been operated on the day of the fire, which occurred. April 17, 1893; that some dust and trash was necessarily scattered around the outside of the building from a spout through which corncobs were discharged; that, at about six o'clock, a freight train going west passed along the defendant's road without stopping; that, as the train came in, steam was shut off for a time, but that before it passed the elevator steam was put on again, and that as it passed the elevator office, located a short distance east of the elevator building, cinders were thrown from the smokestack to the office building; that the wind was then blowing from the southwest; that about a week before this fire, another one had been started in that vicinity by the same engine; that

the fire originated on the outside of the south side of the engine and boiler rooms, which were located at the west end of the elevator, and that, while there was a fire in the furnace in the boiler room of the elevator, it had been safely fixed so that there was no danger of its escaping and burning the building. Some of the evidence on the part of the defendant tended to show that the fire originated inside the boiler room.

While the evidence in this case was wholly circumstantial, the defendant's contention that there is no proof to support the verdict cannot be sustained.  The proof with reference to fires caused by locomotive engines is nearly always of the same character, though of different degrees of convincing force.  Numerous objections to the testimony were raised.  Proof was allowed as to the cost of the building, but as the verdict is for an amount below the lowest estimate by any witness of the value of it, the error in the admission of the testimony is of no importance.  Testimony with reference to other fires that originated from engines on the defendant's road was also allowed, without identification of the engine attached to this freight train, or the engineer in charge of it, as the one causing the fires. We think the identification should have preceded the admission of such testimony; but the court in the progress of the trial remarked, " Unless you can connect this engine with those fires, I will instruct the jury that this evidence is not to be considered." In view of all the testimony in the case, the special findings, and this remark from the court in the presence of the jury, the error in the admission of this testimony does not appear to be sufficient to warrant a reversal of the judgment.  We think the instructions were very full, clear, and fair.

*3. Fire from locomotive, how proved.*

*1. Particular errors not ground for reversal.*

29—58 KAN.

We do not regard the decision of the Supreme Court of the United States in *G. C. & S. F. Rly. Co. v. Ellis* (165 U. S. 150, 17 Sup. Ct. Rep. 255) as conclusive against the validity of our statute authorizing the recovery of attorneys' fees in cases of this kind. The statute of Texas, under consideration in that case, was quite different in principle from the one on which the judgment·in this case was rendered. Our statute is somewhat in the nature of a police regulation, designed to enforce care on the part of railroad companies to prevent the communication of fire and the destruction of property along railroad lines. It is not intended merely to impose a burden on railroad corporations that private persons are not required to bear, and the remedy offered is one the Legislature has the right to give in such cases. This is the view heretofore held by this court, which we see no reason for changing. *St. L. & S. F. Rly. Co. v. Snaveley*, 47 Kan. 637; *St. L. & S. F. Rly. Co. v. Curtis*, 48 id. 179; *St. L. & S. F. Rly. Co. v. McMullen*, 48 id. 281; *Mo. Pac. Rly. Co. v. Henning*, 48 id. 465.

2. Statute allowing attorney's fee, constitutional.

We find no substantial error in the refusal of the court to require the jury to answer certain special questions. If all of them had been answered favorably to the defendant, they would not have necessitated a reversal of the judgment. There was no error in overruling the plaintiff's motion for judgment on the special findings, although it was found that the engine was properly constructed, and equipped with the best known appliances for the prevention of the escape of fire. Liability was based on the unskillful manner in which the engine was operated; and there was proof tending to show that cinders were thrown from the engine as a result of "working steam too hard."

The most difficult question in the case arises from

the language used by the court in overruling the motion for a new trial. The colloquy between court and counsel at the time the motion was passed upon is incorporated in the record. Among other things, the judge said :

" This evidence does not carry any conviction to my mind, either way. You say it is quite evident the fire originated from the building itself, from the engine, or boiler, or machinery ; while Mr. Sheafor says it is equally as clear that they had nothing to do with it— that the fire could not have originated in that manner. . . . I think, and what I have thought about this case from the beginning is, that there is no certainty as to who set the fire, and it is not clear to my mind yet ; and you might offer this evidence twenty times and I should never be satisfied as to the origin of that fire,— whether it arose from the railroad, or whether it arose from the engine and boiler. . . . I will say this, as I have said : If I had been on that jury, I should not have found that verdict ; not that I would have been positive that the road did n't set it afire, but because I could not have had evidence enough to satisfy my mind that the road did set it afire. . . . If the court should grant a new trial in every case where it would not have found the same verdict as the jury, why, then I should grant a new trial in this case, for I would not have found that verdict, because I could not have found that the defendant set the fire ; but then, if the court is to be the sole judge and arbitrator, what is the duty and object of the jury ? I take it, the jury were a fair average jury, men of good judgment, just as good as the court, if not better, in matters of this kind, and just as honest and conscientious. . . . It comes down to that, as you very properly say, that is, there are two possible causes, and a fair statement is that the probabilities are about equal. You claim the probabilities are that the road set the fire. They claim that the probabilities are that the engine set it afire. Now the possibilities are equal, and the probabilities are not far apart ; you each claim to suit your theory.

That is just the condition of this case ; and the case was submitted to a jury, and the jury found for the plaintiff and against the railroad. Now the question is, ought the court to put itself and its judgment against that of the jury, and find the other way?  .  . Well, the case has been tried and two theories have been submitted. I take it, there has been some evidence in support of each theory, and, possibly, enough to justify a verdict on whichever theory the jury saw fit to find ; and the object and purpose, the duty, of the jury being, as I understand it, to pass upon such questions, I will let the judgment stand, although to my mind the evidence is not convincing.''

There are other statements made by the judge, some of which are slightly stronger in opposition to the verdict than those quoted ; but the parts extracted seem to be fairly expressive of the view taken by him of the case and of his duties in passing on the motion.

It has often been held that if the verdict does not meet the approval of the court it should be set aside. *Richolson v. Freeman*, 56 Kan. 463 ; *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 id. 1, and cases cited.

On the other hand, the verdict of the jury has some force, and it is not for the trial court in every doubtful case to set its judgment against that of the jury. As was well said in the case of *Johnson v. Leggett* (28 Kan. 590): '' We do not understand that it is the duty of the trial court, where a doubtful question of fact exists, to disturb the verdict of the jury, simply because its judgment inclines the other way.'' The case of *Williams v. Townsend* (15 Kan. 564) carries no such intimation. The jury are the triers of the fact ; and while it is the duty of the district court to interfere, yet, as stated in that case, it is only when they have manifestly mistaken the evidence and where the verdict is manifestly erroneous. Where the question is absolutely doubtful ; where some men would

naturally come to one conclusion and

**4. New trial, not error to refuse, when.**

others to the opposite; then, the verdict of the jury is conclusive. They are the triers of the fact; and although its judgment may incline against the verdict of the jury, yet the court ought not to interfere. In this case, it clearly appears that the court regarded the case as a doubtful one; but it declared that the jury were good men, against whom the court entertained no suspicion of bias or unfairness. The evidence was very full, and probably as well presented and as fairly considered as it would have been on a second trial. The remarks of the court indicate no disposition to shirk responsibility, or to act hastily; and after a full consideration of all the questions involved, although itself inclined to find for the defendant on the facts, yet it approved the verdict in deference to the judgment of the triers of fact. Although in its remarks it expressed some uncertainty as to what its duties were under the circumstances, we think it entertained a correct judgment as to what the trial court should do under the circumstances, and that this court would not be warranted in reversing its ruling on the motion for a new trial.

The judgment is affirmed.