THE ATCHISON, TOPEKA & SANTA FE RAILROAD
COMPANY v. S. B. HAMILTON.

**No. 190.**

1. PROOF OF VALUE — *Railway Co. v. Lycan, 57 Kan. 635, followed as to, of orchard trees destroyed by fire.* The case of *Railway Co. v. Lycan* (57 Kan. 635), followed as to proof of value of orchard trees destroyed by fire resulting from negligence of a railroad company.

2. EVIDENCE — *no errors in admission or rejection of, shown in this case.* No material errors in the admission or exclusion of testimony appear in the record.

3. PRINCIPLES OF REVIEW — *verdict based on conflicting evidence, approved by trial court, not disturbed.* The verdict being based on conflicting evidence, and having been approved by the trial court, will not be disturbed.

448    RAILROAD CO. v. HAMILTON.

S. Dept.         Opinion.   Milton, J.          6 Kan. App.

Error from Anderson District Court.   Hon. A. W. Benson, Judge.   Opinion filed September 20, 1897. *Affirmed.*

*A. A. Hurd, W. Littlefield* and *Robert Dunlap,* for plaintiff in error.

*Noah L. Bowman,* for defendant in error.

MILTON, J.   The defendant in error, who was plaintiff in the court below, brought this action in the District Court of Anderson County to recover damages for the destruction of certain hay, fall growth of pasture, clover sod, oat and flax straw, millet, apple trees, cherry trees, and posts, by fire alleged to have escaped from one of the engines of the Railroad Company, together with fifty dollars attorneys' fees.   The property destroyed was in Anderson County, partly on land owned and partly on land leased, by the defendant in error, and located about two and one-half miles from the railroad.

The evidence shows that the fire escaped from an engine drawing a freight train going south, about noon on October 8, 1891.   There were two public roads between the railroad and the premises of plaintiff.   One of the roads, which was fifty feet wide, was adjacent to and on the east side of the right of way of the railroad, and the fire started on this road, about ninety feet from the track and off the right of way. The fire spread very rapidly, and, before it was checked by the section men with the assistance of the defendant in error and other persons residing in the vicinity, destroyed 154 tons of hay in the stack, and 130 acres of fall growth of pasture on the leased land; also fifteen acres of clover sod, a stack of oat and flax

straw, eight acres of millet, some fence posts, one apple tree and seventeen or eighteen cherry trees, on the land owned by the defendant in error. The fire was supposed to be extinguished, but it seems to have smouldered in manure and straw in the feed lot and orchard of defendant in error, and two or three days later broke out again, when it destroyed about fifty more apple trees and a few cherry trees. The jury found that the defendant in error was not able, with the means at his command, to extinguish the last fire in time to prevent the injury to the orchard. The jury also found that the engine was in proper condition and was supplied with the best appliances for preventing the escape of fire, and that the engineer was skilful but not careful. They found that he did not manage the engine at that time and place skilfully and carefully in respect to the escape of fire therefrom. The evidence indicates that other fires were set out in the same vicinity by the engine in question on that trip. The jury made the following finding :

" *Ques.* Was the fire in question caused by the extreme high wind blowing the sparks directly from the smokestack of the engine into the dry grass and other combustible material on the east side of the public highway joining the defendant's right of way? *Ans.* The fire was caused by sparks from engine No. 220, caused by high wind and careless management of the engineer."

It was also found that, with the exception of the roads, there was combustible material continuously from the point where the fire started to the defendant in error's premises ; that the defendant's right of way along its railroad at that point had been burned off in September preceding the fire, but not burned closely, and that the defendant in error did not plow or other-

29—6 KAN. APP.

wise provide fire guards around his stacks of hay, or between his premises and the railroad.

The plaintiff in error filed a motion for judgment on the special findings, which was denied, and a motion for a new trial, which was overruled. Verdict and judgment were rendered in favor of the plaintiff below, in the sum of $425, and $50 as attorneys' fees.

On most points the evidence is conflicting, but we think the verdict and judgment are supported by it. It is claimed by the plaintiff in error that the finding we have quoted as to the careless management of the engine is contrary to the evidence. It is true that the only direct testimony as to the manner in which the engine was managed on the day of the fire, is that of the engineer himself, who says that he was exercising due care. He also stated that he did not know that his engine set out any fire on that trip. His testimony shows that his train consisted of thirty-four empty freight cars — a fairly heavy freight train; and the jury were warranted in finding from the evidence before them that the train was running at a rate of twenty miles an hour. A witness testified that the engine was running rapidly and was emitting a great deal of smoke and cinders, when in the vicinity where the fire started. The court instructed the jury that they would have a right to consider all the circumstances, along with the positive statements of those having the care and operation of the engine; that if they were satisfied from the evidence that the engine in question caused the fire complained of, and also caused one or more other fires on the same day and under similar circumstances as to wind and weather, and that the ordinary working of an engine under the circumstances did not ordinarily produce

such results, or that other engines of the Railroad Company passed over the same road where the fires were set out, on the same day and under similar circumstances and caused no fire, then they were warranted in considering such facts to determine the question of negligence on the part of the Company. This instruction was excepted to, but no complaint is made of it in the brief of the plaintiff in error. We conclude that the jury was warranted in making the finding, under the evidence and this instruction. *Railroad Co. v. Stanford*, 12 Kan. 354.

Another error complained of relates to the testimony of two witnesses as to the value of the trees destroyed. It is claimed that the orchard was a part of the realty, and that the only proper way to prove the damage caused by its destruction was to show the market value of the realty before and after the destruction. The case of *St. L. & S. F. Rly. Co. v. Hoover* (3 Kan. App. 577) is cited to support this contention. We think the case at bar is very much like that of *Railway Co. v. Lycan* (57 Kan. 635). There the court held that, if the thing destroyed has independent value, that value may be proved instead of the value of the land before and after. According to this rule the evidence objected to was proper.

The court admitted evidence as to what was said by the section foreman to the station agent at Welda, at the time the former discovered the fire in question, to the effect that he told the agent to dispatch ahead and order that train stopped. Counsel say that the jury might have inferred from this that the section foreman thought that there was something wrong with the engine or engineer and that fires were being started when they could be prevented. The foreman himself was a witness and testified that he did not

know what he said to the agent. The testimony was not proper, but we fail to see any serious error in its admission. The jury found that the engine was in good condition and the engineer skilful, and there was other evidence — outside of this statement, in itself meaningless — upon which to base their verdict. It is also urged that the court erred in permitting the defendant in error to show, upon the cross-examination of the Company's fire-claim agent, that it had paid for other hay destroyed by the same fire. The record shows that most of the testimony of this kind was admitted entirely without objection on the part of the defendant Company. On the recross-examination of the claim agent, he testified, without objection, that he had settled with four other claimants for damages caused by the fire in question. It is also claimed that the court erred in excluding the testimony of S. J. Hitchcock, by whom the Company sought to show that Coleman, the engineer in charge of the engine which set out the fire, was a careful and competent engineer. We see no error in the exclusion of this evidence ; certainly no harm resulted, as the jury found that the engineer was skilful. It cannot be thought proper to have admitted the testimony to prove careful handling of the engine at the time the fire was set out, and that was the chief issue of fact in the case.

There was no error in striking out the forty-fourth special question, as the matter therein was already embraced in preceding questions.

The instructions as a whole stated the law fully and correctly, and we perceive no error in refusing those offered by the defendant Company.

Our Supreme Court, in the case of *Railroad Co. v. Matthews* (58 Kan. 447, 49 Pac. Rep. 602), has dis-

posed of the contention as to the constitutionality of the law which provides for the allowance of attorneys' fees in cases of this kind.

After the arguments of counsel were concluded, the trial court made a long oral statement to the jury concerning the special questions of fact which had been submitted by the defendant Company and commented upon by counsel in their arguments. The court's statement, which was taken down by the stenographer, was excepted to by the defendant, and it appears in the record. We do not approve the practice here in question, but it does not appear to have affected the action of the jury.

We conclude that no material error was committed in the trial of this case, and the judgment will be affirmed.

Dennison, P. J., concurring.

Schoonover, J., having been of counsel, not sitting.