THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY v. I. P. CAMPBELL.

**No. 801.***

RAILROADS—*Transportation of Shipper.* Chapter 167 of the Ses-
sion Laws of 1897 (Gen. Stat. 1897, ch. 70, §§ 67–69) is constitu-
tional and valid.

Error from Sedgwick district court; D. M. DALE,
judge.    Opinion filed March 20, 1899.    Affirmed.

*A. A. Hurd,* and *Fred. W. Bentley,* for plaintiff in
error.

*Sankey & Campbell,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was originally com-
menced in justice's court in Sedgwick county by Camp-
bell to recover from the railway company the sum of
$8.75 and an attorney's fee, as provided for by chap-
ter 167 of the Laws of 1897.    Campbell shipped a
car-load of cattle from Attica, Kan., to Kansas City,
Kan., and presented his contract to the conductor and
was carried to Kansas City.    Upon his return, he
presented his contract to the conductor and demanded
to be carried to Attica, which demand was refused, and
he was compelled to pay $8.75, the regular passenger
fare from Kansas City to Attica.    Campbell obtained
judgment in the justice's court and the railway com-.
pany appealed to the district court.    He obtained a
judgment against the railway company in the district
court and it brings the case here for review.

The only question raised is the constitutionality of

* Reversed by supreme court February 10, 1900.    See 61 Kan.—
REP.

said chapter 167, Laws of 1897. It is contended that the act is in conflict with that part of section 1 of the fourteenth amendment to the constitution of the United States which provides :

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States ; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

By the terms of the act in question, a railway company, "in consideration of the usual price paid for the shipment of said car, shall pass the shipper or his employee to and from the point designated in the contract or bill of lading without further expense to the shipper in the way of fare." We cannot agree with the counsel for the plaintiff in error that the railroad company is required to carry the shipper or his employee without consideration therefor. The act itself provides for a consideration, which is "the usual price paid for the shipment of said car." There is no attempt made to fix the rate per car. The only requirement is that for the usual price per car it shall carry the shipper or his employee to and from the destination of the consignment. It was evidently the intention of the legislature to compel the corporation to grant the same privileges to a person who had but one car-load of stock to ship that it does to those who have more than one car-load. Instead of depriving the corporation of the equal protection of the law, it compels it to grant equal protection to the limited shipper. It does not say how much the railroad company shall charge per car, but requires it to grant the same privileges to the shipper of one car-load of stock that it has been granting to the shipper of two or more car-loads.

There is no attempt made to prescribe the conditions or terms of the contract between the company and the shipper, other than that the price per car and conditions shall include transportation for the shipper of the stock to and from the point of shipment. Nor is there an attempt to prescribe the manner of transportation or the terms and conditions attached thereto. This act is not an attempt to regulate interstate commerce, nor is it class legislation.

The provision pertaining to attorney's fee has been held, in *Railroad Co. v. Mathews*, 58 Kan. 447, 49 Pac. 602, to be constitutional and valid. Counsel for plaintiff in error say in their brief that the decision in the Mathews case is squarely against their contention in this case, but, being in conflict with the decision of the United States supreme court in the case of *Gulf, Colorado & Santa Fe Rly. v. Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, it is not binding on this court. So long as the decision of our supreme court in the Mathews case is unreversed we shall follow it. The title to the act in question is not in conflict with section 16, article 2, of the constitution of the state of Kansas.

The judgment of the district court is affirmed.