No. 19,719.

HENRY J. DANNENBERG, *Appellee*, *v.* THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.* ·

SYLLABUS BY THE COURT.

1. INJURY TO HORSES—*Demand for Compensation Refused—Action—Recovery—Attorney Fee—Statute Constitutional.* The statute providing for recovering an attorney fee in case of suit after demand and refusal to pay for stock killed or injured in the· operation of a railroad (Gen. Stat. 1909, § 7002) was not designed to attach onerous penalties to the nonpayment of extravagant demands but requires' payment of an attorney fee in case suit should be necessary to recover a legitimate demand and consequently does not deny due process of law within the purview of the federal constitution.

2. SAME. If in an action brought under the statute the plaintiff recover a sum considerably smaller than that stated in his demand an attorney fee should be allowed when refusal to comply with the demand

was not based on the ground that it was excessive and the action was resisted on the ground that the defendant was not liable in any sum,

3. TRIAL—*No Error in Record.* Assignments of error relating to the admission of evidence and to findings of fact held to be without substantial merit.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed December 11, 1915. Affirmed.

*W. P. Waggener,* and *James M. Challiss,* both of Atchison, for the appellant.

*F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injury to horses occasioned by the operation of the defendant's railway. The plaintiff recovered and the defendant appeals.

Two principal questions of fact were resolved against the defendant. Did the animals which were injured come on the defendant's right of way over a sufficient cattle guard or through a defective fence, and did the animals wander upon a trestle bridge where they were injured or were they frightened and driven upon the bridge by one of the defendant's trains? The evidence though meager in some respects was sufficient to sustain the special findings of fact and the general verdict. A finding of fact which is criticized was not evasive and when read with other findings of fact and with the general verdict was not ambiguous.

The plaintiff was a farmer who had observed the habits of horses. He testified he had never owned a horse and had never seen a horse that would willingly walk over an opening in the floor of a bridge, and that as a rule young horses were afraid of such openings. One of the plaintiff's neighbors testified that he did not know of an instance of horses attempting to cross a trestle bridge like the one in question by walking on the ties, that he did not know the disposition of horses in the matter of crossing open bridges, never had one try to go out on such a bridge, but would think it would be a little hard to get them on a bridge that way. It was perfectly proper to allow these witnesses to state the result of their experience with

horses. The opinion of the last witness was so frankly a venture beyond his experience that the jury were neither instructed nor misled by it. Besides this, the fact known to people generally that untrained horses are reluctant voluntarily to exercise their specialized and restricted powers of locomotion in unfamiliar ways is relied on by railroads in the erection of cattle guards, bridges and like structures.

The demand was as follows: $250 for one animal, $250 for another, and $150 for a third. The jury allowed $155 for one, $75 for another, and nothing for the third. It was, stipulated that if attorney fees were allowed the amount should be $50, and that sum was included in the verdict, for attorney fees. A motion to strike out the item was overruled. The motion asserted that the demand was excessive as the verdict of the jury proved, that the defendant was not at fault in refusing to pay an extravagant demand, and that' allowance of an attorney fee under such circumstances infringed rights guaranteed the defendant by the constitution of the United States.

The statute reads as follows:

"In case such railway company or corporation, or the assignee or lessee thereof, shall fail for thirty days after demand made therefor by the owner of such animal, or his agent or attorney, to pay such owner or his agent or attorney the full value of such animal if killed, or damages thereto if wounded, such owner may sue and recover from such railway company or corporation, or the assignee or lessee thereof, the full value of such animal or damages thereto, together with a reasonable attorney's fee for the prosecution of the suit, and all costs in any court of competent jurisdiction in the county in which such animal was killed or wounded." (Gen. Stat. 1909, § 7002.)

The case of *St. Louis, I. M. & S. Ry. Co. v. Wynne*, 224 U. S. 354, is cited in support of the motion. In that case the demand was for $500. The action was for $400. That sum was recovered together with an attorney fee. It was held, following an interpretation of the statute involved by the state court, that the statute attached onerous penalties to the nonpayment of extravagant demands and consequently denied due process of law. The statute of this state does not attach onerous penalties to the nonpayment of extravagant demands. It requires payment of an attorney fee in case suit be necessary to recover legitimate demands. The defendant does not claim that it did not comply with the plaintiff's demand because excessive. It

resisted the action to the end on the ground that it was not liable to the plaintiff in any sum whatever, and still makes the same contention in this court. The verdict of the jury established the fact that the plaintiff was entitled to recover a substantial sum. While the defendant would have been right in refusing to comply with the specific demand presented by the plaintiff because excessive, it could not be right in refusing to pay anything at all. Since suit, with attending costs and attorney fees, was not submitted to because the demand was too large but because all liability was denied, an attorney fee was properly allowed.

The judgment of the district court is affirmed.