## No. 25,944.

H. J. Baalmann, *Appellee,* v. The Union Pacific Railroad Company, *Appellant.*

### SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Regulation of Railroads—Attorney's Fee.* The statutory provision that a railroad company is liable for loss or shortage of grain shipped over its line which it fails or neglects to deliver or pay for upon demand, and where an action is brought to recover for such loss or shortage a reasonable attorney's fee may be allowed to the plaintiff, is held to be a valid exercise of the police power of the state.

2. RAILROADS—*Loss of Goods—Attorney's Fee.* The fact that the plaintiff recovered a smaller sum than was stated in the demand made upon the railroad company for loss or shortage will not defeat the allowance of an attorney's fee, where the company resisted payment of the entire loss and did not tender any amount nor base its refusal to comply with the demand on the ground that it was excessive.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed May 9, 1925. Affirmed.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *A. L. Berger,* of Kansas City, for the appellant.

*William K. Ward,* and *Grant W. Harrington,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: H. J. Baalmann brought an action against the Union Pacific Railroad Company to recover for the value of wheat lost in transit on the defendant's railroad from Campus to Wilson. The case was first tried before a justice of the peace, where judgment was given for plaintiff, and upon appeal to the district court plaintiff recovered a judgment for $23.85, and the sum of $50 was allowed for an attorney's fee and made a part of the judgment. The defendant appeals, and is contesting only the allowance of an attorney's fee.

Before bringing the action plaintiff made a demand of the defendant for $30.25 as the value of the wheat lost. In the district court the plaintiff reduced his claim to $23.85, for the reason that no allowance had been made in the claim of $30.25 for the freight and the natural shrinkage of grain in transit. These were reckoned to amount to $6.40, and judgment was therefore asked for only $23.85, and this was the amount awarded by the court, to which an attorney's fee of $50 was added.

There is no contention as to the extent of the loss, but the defendant contends that an attorney's fee was not allowable. While less than $100 is involved in the appeal, constitutional questions are raised and therefore the right of appeal existed.

There are two statutes relating to the allowance of attorney's fees in cases of this character. The first was enacted in 1893, which provides that where judgment shall be rendered against a railway company for loss or shortage on grain shipped, the court shall render a judgment for a reasonable attorney's fee for the plaintiff's attorney:

*"Provided,* That such attorney's fee shall not be allowed unless written demand be made upon the agent of the station at which grain was shipped for payment of such loss or shortage thirty (30) days before the beginning of such suit." (Laws 1893, ch. 100, § 10; R. S. 66-259.)

In 1911 another law was enacted making common carriers liable for property passing over their line or lines for any loss or damage which might result, and that any common carrier paying the loss or damage would be entitled to recover it from the common carrier on whose line the loss occurred. It provided:

"That any common carrier, railroad or transportation company· subject to the provisions of this act which shall fail, neglect or refuse to pay any liability hereby imposed for sixty days after demand therefor shall be liable to

the owner of such property so lost, damaged or injured for a reasonable attorney's fee, to be fixed by the court, and recovered as a part of the judgment in any action brought under this act." (Laws 1911, ch. 240, § 2; R. S. 66-305.)

It is unnecessary to determine to what extent the later act is a substitute for the earlier one. Both provide for a demand for the loss, one to be made within thirty days and the other within sixty days. The demand herein was made in good time under either provision, and the plaintiff was entitled to an allowance, if an attorney's fee may be allowed.

Defendant insists that the provision for an attorney's fee is not warranted by the statute and conflicts with the federal constitution. It is argued that under the statute the carrier is only liable for the loss occasioned by it after a demand has been made for the amount of such loss; that the loss is limited to the demand made, and if it is excessive the carrier is justified in resisting payment. The attorney's fee is provided as an incentive to prompt payment of actual losses in such cases and in order to discourage unnecessary delays in payment, and it is argued that no allowance should be made where too much is demanded. It may be noted that the defendant did not acknowledge any liability for the loss, did not tender any amount, but denied any liability for the damages it had occasioned. In this connection it is also contended that the statute, if applicable to the case, is arbitrary, unequal and oppressive, and is violative of the fourteenth amendment of the federal constitution. It has been determined that reasonable attorney's fees are allowable in cases of this character. In *Railway Co. v. Simonson*, 64 Kan. 802, 68 Pac. 653, a recovery was sought for a shortage of hay that had been shipped over the line of defendant's railroad, and an attorney's fee was allowed. While there was a reversal of the judgment for the rejection of certain evidence, it was held by the court that the provision for the attorney's fee was a valid exercise of the police power and was not repugnant to the federal constitution. (See, also, *Railroad Co. v. Matthews*, 58 Kan. 447, 49 Pac. 602, affirmed by the supreme court of the United States in 174 U. S. 96; *Assurance Co. v. Bradford*, 60 Kan. 82, 55 Pac. 335; *Dannenberg v. Railway Co.*, 96 Kan. 708, 153 Pac. 504.)

The reduction of $6.40 from the amount demanded does not, under the circumstances, defeat a claim for an attorney's fee. The demand covered the market value of the wheat lost, but there is a recognized rule of shrinkage of grain in transit that the plaintiff had

Baalmann v. Union Pac. Rld. Co.

not taken into account in making the demand, and of course the defendant was entitled to a credit for the carriage of the grain. This reduction was conceded at the final trial of the case, and doubtless would have been conceded at the time of demand if defendant had chosen to settle for the actual loss. Defendant did not resist payment on account of the excess, but insisted that nothing was due because of the loss. In *Dannenberg v. Railway Co.*, supra, it was said:

"The statute of this state does not attach onerous penalties to the nonpayment of extravagant demands. It requires payment of an attorney fee in case suit be necessary to recover legitimate demands. The defendant does not claim that it did not comply with the plaintiff's demand because excessive. It resisted the action to the end on the ground that it was not liable to the plaintiff in any sum whatever, and still makes the same contention in this court. The verdict of the jury established the fact that the plaintiff was entitled to recover a substantial sum. While the defendant would have been right in refusing to comply with the specific demand presented by the plaintiff because excessive, it could not be right in refusing to pay anything at all. Since suit, with attending costs and attorney fees, was not submitted to because the demand was too large but because all liability was denied, an attorney fee was properly allowed." (p. 710.)

In support of its claim that the statute is invalid, defendant cites *St. Louis, I. M. & S. Ry. Co. v. Wynne*, 224 U. S. 354, but this authority was considered in the Dannenberg case and held not to be decisive of the question involved here. *Chicago, Mil. & St. Paul Ry. Co. v. Polt*, 232 U. S. 165, is also cited, but there the statute considered imposed a double liability where a railroad company failed to pay upon demand a loss for property destroyed by fire. This double recovery was held under the circumstances to be offensive to the fourteenth amendment. In the case of *C. & N. W. Ry. Co. v. Nye, etc., Co.*, 260 U. S. 35, the validity of an allowance for attorney's fees in a case of this character was considered, and the court held, after a review of the cases, that no general rule was applicable to cases of this character, but it was said:

"The court has not intended to establish one, but only to follow the general rule that when, in their actual operation in the cases before it, such statutes work an arbitrary, unequal and oppressive result for the carrier which shocks the sense of fairness the fourteenth amendment was intended to satisfy in respect to state legislation, they will not be sustained." (p. 44.)

In that case damages were awarded for hogs injured while in the custody of the carrier, the value of which could be determined by weight and market price, and was not difficult of ascertainment

after a *bona fide* effort, but there was no effort at a tender at all, and it was held that penalties of seven per cent on the actual recovery and the allowance of a reasonable attorney's fee as costs was not violative of the fourteenth amendment. There the attorney's fees were fixed at $200 for a case involving the preparation for trial, a four days' trial, and it was said that this amount did not shock one's sense of fairness. While the amount of the damage involved here was small, the services of an attorney to obtain a recovery were necessary, and it must be conceded that a fee of $50 for two trials of the case is not unreasonable.

The judgment is affirmed.