No. 27,312.

T. J. KIRBY, *Appellee*, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

RAILROADS—*Liability for Killing Animals on Track—Necessity of Ownership in Land Adjoining Right of Way.* An owner of animals killed by the engine of a railway company is not precluded from recovery, under R. S. 66-295 *et seq.*, by reason of the fact that he does not own land through which the railway right of way passes, or adjoining such right of way.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed April 9, 1927. Affirmed.

*W. W. Brown, C. E. Pile* and *E. L. Burton,* all of Parsons, for the appellant.
*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

MASON, J.: In this case the plaintiff recovered a judgment for the value of cattle killed on defendant's right of way by its engine, and defendant has appealed.

---

Railroads, 33 Cyc. pp. 1176 n. 1, 1295 n. 45, 1301 n. 1; 29 L. R. A. 573; 37 L. R. A. n. s. 1175; 1 R. C. L. 1175.

Plaintiff's cattle were kept in his pasture, fenced with a four-foot woven-wire fence. It was about a quarter of a mile from defendant's right of way to the nearest portion of the pasture. In some unknown manner the cattle got out of the pasture. They wandered west along the highway to where it crossed defendant's right of way—almost at right angles. The right of way north of the highway was fenced. There was a cattle guard across the track and wing fences across the right of way north of the highway. These set back about fifteen feet from the north line of the highway, forming what the witnesses termed a "pocket." The cattle went from the highway into this "pocket" and some of them, at least, went over the cattle guard onto the inclosed portion of the right of way north of the highway, and were there struck by the engine of one of defendant's northbound trains and several of them were killed. There is no controversy here as to the number of cattle killed, nor as to their value, as fixed by the jury. Plaintiff contended, and the evidence tended to show, that the cattle guard was insufficient as a fence—that cattle had crossed it on several occasions, and horses on one or two occasions, prior to that time. Among other things defendant in the court below contended that the cattle were grouped on the railroad track in the highway when they were struck by the engine, or, that they were so grouped and were frightened by the oncoming train, and because of their fright stampeded over and across the cattle guard onto the right of way north of the highway. The court instructed the jury that if either of these situations was found to exist the plaintiff could not recover. The jury found that the cattle had crossed an insufficient cattle guard onto the right of way north of the highway and were there killed by defendant's engine, and there was evidence to support this view.

Appellant's chief contention is, that since plaintiff owned no land through which its right of way passed, nor bordering on or joining the right of way, it owed plaintiff no duty to fence its right of way, hence that it is not liable to plaintiff for having an insufficient fence.

The pertinent sections of the statute read as follows:

"Every railway company or corporation in this state, and every assignee or lessee of such company or corporation, shall be liable to pay the owner the full value of each and every animal killed, and all damages to each and every animal wounded by the engine or cars on such railway, or in any other manner whatever in operating such railway, irrespective of the fact as to whether such killing or wounding was caused by the negligence of such railway

Kirby v. Missouri-K.-T. Rld. Co.

company or corporation, or the assignee or lessee thereof, or not." (R. S. 66-295.)

"This act shall not apply to any railway company or corporation, or the assignee or lessee thereof, whose road is inclosed with a good and lawful fence to prevent such animals from being on such road." (R. S. 66-299.)

Appellant cites, and relies largely upon the doctrine announced in *Union Pac. Rly. Co., E. D., v. Rollins,* 5 Kan. 167. That case was decided in 1869 (and necessarily arose earlier), before the statute above quoted was enacted in 1874. It has no application to this statute.

No reason suggests itself, or is suggested, why this statute does not mean what it says, which, as applied to this case, is that the railway company is liable to the owner for the full value of the animals killed, unless its road is inclosed with a good and lawful fence to prevent such animals from being on such road. The statute does not make it a condition precedent to the owner's right of recovery that he own land through which the right of way of the railroad passes, or adjoining the right of way. It is true that some of the cases dealing with this statute have discussed the reasons for its passage. Several reasons have been suggested. Perhaps there are some which have not been mentioned. But whatever specific reasons may be given, it is a valid statute, enacted under the police power of the state, has been a part of our law for many years, and has frequently been construed and applied.

Appellant complains of the allowance of an attorney's fee. The statute specifically provides (R. S. 66-296) that in case the railway company shall fail for thirty days after demand made therefor by the owner of such animals to pay therefor, such owner may sue and recover the value of the animals killed, together with a reasonable attorney's fee, which (R. S. 66-298) shall be fixed by the jury, if the case is tried by a jury. A proper demand was made in this case by the owner and payment was refused, and the action was brought more than thirty days after such demand. This statute has been held valid (*Dannenberg v. Railway Co.,* 96 Kan. 708, 153 Pac. 504), and no reason is now suggested for a different holding.

This case is not complicated by any herd law, as were some of the cases which have previously been before this court.

We have examined all of the authorities cited by appellant, but do not find it necessary to analyze them specifically. There is no error in the record, and the judgment of the court below is affirmed.