OLEY RICHOLSON, *as Sheriff of Elk County,* v. L. A. FREEMAN.

No. 8022.

1. VERDICT—*Setting Aside—New Trial.* If the verdict does not meet with the approval of the trial court, it should be set aside and a new trial granted, although there were three prior disagreements.

2. FRAUDULENT SALE—*Knowledge of Vendee.* Where a sale of a stock of goods is alleged to have been fraudulent as to creditors, the purchaser may be asked and allowed to answer, as a witness in his own behalf, whether he had any knowledge or notice that his vendor was selling the goods with intent to hinder, delay, and defraud his creditors. (Following *Gentry v. Kelley,* 49 Kan. 82.)

3. INSTRUCTIONS—*Error.* The instructions examined, and some of them *held* erroneous.

*Error from Elk District Court.*

C. W. CANOOSE, being the owner of a stock of goods at Longton, Kan., on April 2, 1889, made a bill of sale thereof to L. A. Freeman, the defendant in error. Canoose was indebted in a considerable sum on said goods, and on April 4, 1889, several suits were com-

menced against him on the claims, and orders of attachment were levied on the stock by Oley Richolson, as sheriff of Elk county. On April 12, Freeman replevied the goods from the sheriff, who gave a redelivery bond, and the property was returned to him, and afterward sold as upon execution by order of the court. This action of replevin was tried four times before a verdict was reached, and this was in favor of Freeman, at May term, 1891, for the sum of $2,850. The sheriff filed his motion for a new trial, which the court overruled, stating the reasons therefor at great length, the following being some of his remarks thereon, namely :

"I am willing to concede now, that, in my opinion, there never can be but one final outcome to this case. That has always been my opinion of the case. I have always been of the opinion that the defendant must prevail in this case finally. I have always been of that opinion, and I am of that opinion now. . . . They [the jury] say, and have said, that the circumstances that surrounded Freeman, at the time when he bought these goods were not such as to have induced a man of ordinary prudence to inquire into his financial condition. I think they were, and I don't agree with the jury as to the manner in which they have answered that question. . . . This case has been tried here by four juries of this county, fairly, and each time it was tried I have been of the same opinion that I am now, namely, that the plaintiff never can finally recover in this case under the law and the facts ; but three juries have disagreed. Part of the jury heretofore have thought with the court, and part have thought otherwise. If I should do my duty here, probably, strictly and literally, under the law as announced by our supreme court, . . . I would set this verdict aside. . . . I may have committed error in saying it frankly, in the instructions to the jury, that, in the opinion of the court, C. W. Canoose made that sale with intent to hinder, delay and de-

fraud his creditors. I do n't think there is any doubt about that. The very minute he got his money he skipped out. Of course he sold to defraud his creditors. I think the jury ought to have said so. . . . . I think he sold these goods with intent to defraud his creditors. I am inclined to think that Mr. Freeman had notice of such facts to have put him on inquiry at that time."

Error in the admission of testimony and in giving instructions is also alleged. The opinion was filed February 8, 1896.

*J. B. Ziegler*, and *W. E. Ziegler*, for plaintiff in error.

*L. Scott*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : I. It is evident, from the remarks of the trial judge, that the verdict did not meet with the approval of the court and it should have been set aside and a new trial granted, although there had been three prior disagreements. ( *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, 3, 4, 12, 13, and cases cited.)

II. Upon Freeman's examination in chief as a witness in his own behalf, he was asked the following question : "Had you any knowledge or notice that Mr. Canoose was selling this stock of goods with intent to hinder, delay and defraud his creditors?" and he answered, "No, sir." This is alleged as error, but the question was competent, under the authority of *Gentry v. Kelley*, 49 Kan. 82, 88.

III. Complaint is made of instructions given, and the court seems to have erred both to the prejudice of the plaintiff and the defendant. At the request of the

30—56 KAS.

defendant below, the court gave the following instruction :

" 2. If you are satisfied, from the evidence, that C. W. Canoose sold and transferred to the plaintiff the goods in controversy with the intent to defraud, or to hinder and delay, his creditors, then the burden falls upon the plaintiff; and before he can recover he must satisfy your minds, by the preponderance of the evidence, that he made the purchase without knowledge or notice of such fraudulent intent on the part of the said C. W. Canoose, and that all the facts, circumstances and transactions attending and surrounding such sale and transfer were not of that kind and character as should have led him, as a prudent man, to make inquiry into the intent of his vendor."

This was error to the prejudice of the plaintiff below. A *prima facie* case was made out in favor of the plaintiff by showing possession of the stock of goods under a bill of sale from Canoose, who was conceded to be the owner. It then devolved upon the defendant to show that the sale was made by Canoose for the purpose of hindering, delaying or defrauding his creditors, and that Freeman knew or had reason to believe that Canoose was acting in bad faith toward his creditors in making the sale. The burden of proof did not shift by the showing of the fraudulent intent of Canoose. (*Baughman v. Penn*, 33 Kan. 504, 508 ; *National Bank v. Beard*, 55 id. 773, 42 Pac. Rep. 320, 321.) Where confidential relations exist between the vendor and the vendee, it may sometimes devolve upon the latter to show that the transfer was for a valuable consideration and in good faith ; but that principle is not applicable to this case. The court also charged the jury in instruction No. 1, requested by the defendant below, that the plaintiff was charged with knowledge of all facts that he might have ascertained by examination and inspection of the books

and papers he received along with and as a part of his purchase. This is going too far. The plaintiff may not have examined the books and papers, and had he done so might have been unable to understand everything that was contained in them. The contents of such books and papers, as to any showing of indebtedness, were competent evidence against the plaintiff below, and constituted legitimate subjects of argument to the jury that the plaintiff made the purchase either in haste, without regard to the rights of the creditors of Canoose, or that he closed his eyes to facts which would have been otherwise obvious; but it was erroneous to declare, as a matter of law, that he was chargeable with a knowledge of all the facts which an inspection of the books and papers might disclose.

At the request of the plaintiff below the court gave the following instruction:

"1. The jury are instructed, as a matter of law, that it is not sufficient to vitiate a sale of personal property, that it was made by the vendor to hinder, delay or defraud his creditors. In order to vitiate such sale, as against the purchaser, he must have had knowledge or notice of such intent on the part of the seller."

And the same principle was substantially declared in instruction 3. This was error prejudicial to the defendant below. The jury may have understood therefrom that, in order to vitiate the sale as to Freeman, he must have had knowledge or notice of the fraudulent intent of Canoose. It is not necessary, however, to show actual knowledge or notice of the fraudulent intent of the vendor. A knowledge of facts sufficient to put one upon inquiry, which, if duly prosecuted, would have disclosed such fraudulent intent, is equivalent to actual knowledge of the

same. (*Bush v. Collins*, 35 Kan. 535, 541, and cases cited.) This principle seems to have been recognized in the instructions given by the court upon its own motion, but we cannot harmonize these general instructions with those we have criticised, and which were requested by the parties. There is little to criticise in the general instructions given by the court to the jury on its own motion. But the province of the jury was invaded by the statement that they ought to have no particular difficulty in finding a fraudulent purpose on the part of Canoose, although there was little, if any, room to doubt that fact, and the judgment would not be reversed on this ground alone. It is best, however, under our practice, to leave all facts not admitted to the determination of the jury, without any intimation of the opinion of the trial judge.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.