58  109
59  748

The Metropolitan Street Railway Company v. Howard McClure, a *Minor*, by *Charles McClure, his next Friend.*

**No. 9704.**

1. New Trial—*court not warranted in requiring payment of prevailing party's attorney's fees and expenses as condition precedent to granting.* After a verdict had been rendered against the defendant, a motion for a new trial was made based upon all the statutory grounds; and the court, without specifying the ground, decided that the defendant was entitled to a new trial and allowed it, but required the defendant to pay two hundred dollars as attorney's fees and expenses of the plaintiff, and ruled that if the amount was not paid at a certain time the motion would stand overruled.   *Held,* that the court was not warranted in requiring the payment as a condition precedent to a new trial, and that error was committed in denying the motion.

2. ——— *motion for, held filed in time.* The record examined, and it is *held* that the motion for a new trial was filed in good time.

3. Instructions—*assuming existence of disputed fact, erroneous.* The assumption by the court, in its charge, of the existence of facts that are in dispute, is error.

Error from Wyandotte Court of Common Pleas. Hon. T. P. Anderson, Judge.   Opinion filed April 10, 1897.   *Reversed.*

*Miller & Morris* and *Pratt, Dana & Black*, for plaintiff in error.

*Scroggs & McFadden*, for defendant in error.

JOHNSTON, J.  Howard McClure, a boy about ten years of age, jumped upon a cable car of the Metropolitan Street Railway Company which was passing along Minnesota Avenue in Kansas City, and attempted to ride thereon without paying fare.  In some way, he fell or was thrown from the car upon the pavement, causing a fracture of the skull and serious injury.  He brought this action by his next friend, alleging that while the car was running at a high rate of speed the conductor attacked him in a vicious manner, inflicting a violent blow which knocked him from the car and caused the injury of which complaint is made.  The Company denied this averment, and alleged that the injuries were the result of the negligence of McClure.  A trial was had with a jury, and the testimony as to the occurrence was very contradictory and conflicting.  The jury, however, found, in answer to special questions, that the boy was stealing a ride on the cable car, and that the conductor struck him and intentionally knocked him off the car.  In the general verdict, damages were awarded in the sum of twenty-five hundred dollars.  On the following day a motion for a new trial was filed, alleging irregularity in the proceedings of the court, misconduct of the jury and prevailing party, accident and surprise which ordinary prudence could not have guarded against, excessive damages, error of law occurring on the trial, newly discovered evidence, and that the verdict was not sustained by sufficient evidence.  Testimony was received to sustain some of the grounds of the motion, and after

argument the court took the matter under advisement for several weeks, when the following ruling was made :

"And now on this day this cause came on to be heard upon the motion of the defendant for a new trial, and the argument of counsel being heard, and the court being advised in the premises, sustains said motion and grants a new trial herein upon condition that the defendant pay to the plaintiff two hundred dollars as attorney's fees and expenses in preparing for and trying the said case the second time, on or before the first day of the next term of this court, to wit : November 6, 1893. To the imposing of which condition requiring the defendant to pay the plaintiff the sum of two hundred dollars the defendant at the time requested the court to allow an exception, which the court refused to do.

"And at the same time upon the hearing of said motion the court made the further order, that if said sum of two hundred dollars is not paid within said time the motion will stand overruled as of that day, and the defendant given an exception to the overruling of the motion and given ninety days from the said first day of the next term to make and serve a case-made for the Supreme Court, and the plaintiff given twenty days thereafter to suggest amendments, and the case to be settled and signed on five days' notice by either party."

The Company declined to pay the penalty of two hundred dollars as a condition of obtaining a new trial, and the court thereupon entered judgment in favor of the plaintiff.

Several errors are assigned, but the important questions in the case arise upon the disposition of the motion for a new trial. From the record it is clear that the trial court did not approve the verdict of the jury. It was manifestly the view of the court that the verdict should be set aside and a new trial granted, but upon which one of the eight grounds alleged in

the motion does not appear. After deciding that the defendant was entitled to a new trial and expressly sustaining the motion, the court, in effect, said to the defendant : " You cannot have your rights in this respect unless you pay two hundred dollars to the defendant as attorney's fees and expenses." However another trial might have resulted, this was a charge which could not be adjudged against the Company. Under the statute the defeated party is in no event liable for the fees of the attorneys of the opposite party. If it were granted that the court has power to impose terms as a condition of granting a new trial, it is certain that no such condition as that imposed can be upheld. The statute does not expressly provide that a new trial may be granted upon conditions, but there is a provision in the Code that, " unless otherwise provided by statute, the costs of motions . . . and the like, shall be taxed and paid as the court in its discretion may direct." Civil Code, § 588. Attorney's fees cannot be regarded as costs, and hence this provision furnishes no authority for the ruling of the court. The court, having determined that the defendant was entitled to a new trial, should have awarded it without arbitrarily adjudging the payment of a penalty as a condition for it. When the motion for a new trial was made, it became the duty of the trial judge to determine whether or not the verdict was erroneous. From the declaration of the court in the record, it is clear that the verdict did not meet its approval ; and " this court from its earliest days has steadily adhered to the rule that ' if the verdict does not meet with the approval of the trial court it should be set aside and a new trial granted.' " *Luse v. U. P. Rly. Co.*, 57 Kan. 369, 46 Pac. Rep. 768 ; see, also, *Bass v. Swingley*, 42 Kan. 733 ; *Railroad Co. v. Dwelle*,

1. Conditions imposed for granting new trial, error.

44 id. 394; *Railroad Co. v. Ryan,* 49 id. 1; *Larabee v. Hall,* 50 id. 311; *Richolson v. Freeman,* 56 id. 463.

There is a claim that the motion for a new trial does not appear to have been filed in good time. Such motion must be made at the term at which the verdict is rendered, and everything in this record indicates that it was so made. The record opens with the statement that, "this cause coming regularly on for trial on Tuesday, May 23, 1893, of the May term of said court, the following proceedings were had." Then follows a statement of the proceedings to the end of the day, when it appears that the court adjourned to May 24, 1893. On that day, court reconvened and the trial was proceeded with, but, not having been completed, an adjournment was taken until May 25, 1893. On the latter day, a verdict was reached and the jury were discharged. Immediately following, the record recites: "And thereupon, to wit: on May 26, 1893, the defendant herein files with the clerk of said court its motion for judgment upon the special findings. . . ." Immediately following, are the words: "And thereupon, to wit: on May 26, 1893, the defendant herein files with the clerk of said court its motion for a new trial in the above-entitled cause," etc. It therefore appears that the proceedings were continuous, from day to day on consecutive days, from the beginning of the trial until the motion for a new trial was filed. We think the record sufficiently shows that the motion was filed in time and during the term at which the verdict was rendered. More than that, it appears that the motion for a new trial was first allowed; and when refused, it was not upon the ground that it was not filed in time, but because the defendant below refused to pay the attorneys' fees and expenses of the opposing party. We think the excep-

8—58 KAN.

tions were duly taken, and that the record fairly presents the questions raised upon the motion for a new trial.

Complaint is made of the ruling of the court upon the instructions; and it appears that they are justly
**3. Instruction assuming existence of disputed facts, erroneous.** subject to criticism, in that the court assumed the existence of controverted facts in several of them. In some of them it was assumed that the conductor put the boy off. the car. This was one of the principal questions in the case and should have been left wholly for the determination of the jury. Some other disputed facts were assumed, and in several respects the charge was somewhat ambiguous and may have confused and misled the jury.

For the errors mentioned, the judgment will be reversed and the cause remanded for a new trial.