Tampa Water Works Co. v. Mugge—Syllabus.

TAMPA WATER WORKS COMPANY, *Plaintiff in Error,* v.
ROBERT MUGGE, *Defendant in Error.*

NEW TRIAL—JUDGE SHOULD GRANT WHEN HE IS OF OPIN-
ION THAT THE EVIDENCE PREPONDERATES AGAINST THE
VERDICT.

1. If in the order denying a motion for new trial, the trial judge
expresses the opinion that the preponderance of the evidence
was manifestly against the verdict found by the jury, it then
became his duty to set such verdict aside and to grant 'a new
trial before another jury, and if he fails to exercise his judical
discretion in this respect, he deprives the defendant of a most
valuable right and is in error.

2. Where an individual sues a Water Company for damages sus-
tained by the destruction of his property by fire consequent
upon the alleged ground that such Water Company failed to
supply water for the extinguishment of such fire in compliance
with its contract with the municipality, the burden of proof is
at all times on the plaintiff to show by a preponderance of the
evidence: (1) that the water company failed to supply water in
the quantity called for by its contract with the city, and, (2)
that but for such failure the plaintiff's property could have been
saved from destruction.

3. Evidence examined and found to be overwhelmingly preponder-
ative against the correctness of the verdict returned.

This case was decided by Division B.

Writ of error to the Circuit Court for Hillsborough
County.

The facts in the case are stated in the opinion of the
court.

*Sparkman & Carter* and *P. O. Knight* for Plaintiff in
Error;

*J. F. Glen* and *W. F. Himes* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the circuit court of Hillsborough county for damages for the alleged negligence of the defendant in not supplying water in compliance with its contract with the city of Tampa for fire protection whereby a certain building of the plaintiff was destroyed by fire for alleged lack of water for its extinguishment. See Mugge v. Tampa Water Works Co., 52 Fla., 371, 42 South. Rep., 81. The trial of the cause resulted in a verdict and judgment for the plaintiff for the sum of $15,773.69, and for a review of this judgment the defendant below brings the case here by writ of error. The defendant moved for new trial upon the grounds, among others, that the verdict was contrary to the evidence, and contrary to the weight of the evidence. Upon this motion the trial judge made the following order:

"The foregoing motion being presented and argued by counsel for both sides, the court being of the opinion that the testimony preponderates in favor of the defendant but being of the further opinion that the questions of fact were within the province of the jury. The motion to set aside the verdict and grant a new trial is denied." To this ruling of the court the defendant excepted and it is assigned as error.

The Circuit Judge was in error in this ruling, if, as is expressed in the order denying the motion, he was of the opinion that the preponderance of the evidence was manifestly in favor of the defendant, it then became his duty to set aside the verdict and to grant to the defendant a new trial before another jury, and in failing to exercise his judicial discretion in this respect he deprived the defendant of a most valuable right, and was in error. Schultz v. Pac. Ins. Co., 14 Fla., 73, 94; Felton v. Spiro, 78 Fed. Rep., 576; Ohms v. State, 49 Wis., 415, 5 N. W. Rep., 827; Kramm v. Stockton Electric R. Co., 10 Cal. App. 271, 101

Pac. Rep., 914; Kansas Pacific Ry. Co. v. Kunkel, 17 Kan., 145; Chicago, R. I. & P. Ry. Co. v. Reardon, 1 Kan. App., 114, 40 Pac. Rep., 931; England v. Burt, 4 Humph. (Tenn.) 400; Vaulx v. Tennessee, Cent. R. Co., 120 Tenn. 316, 108 S. W. Rep. 1142; East Tennessee, V. & G. Ry. Co. v. Lee, 95 Tenn. 388, 32 S. W. Rep. 249; State v. Billings, 81 Iowa 99, 46 N. W. Rep. 862; Williams v. Townsend, 15 Kan. 563; State of Nevada v. Silver Jacket Mining Co., 5 Nev. 415, text 422; Reid v. Piedmont & A. Life Ins. Co., 58 Mo. 421; Dickey v. Davis, 39 Cal. 565; Tacoma v. Tacoma Light & Water Co. 16 Wash. 288, 47 Pac. Rep. 738; Chicago, B. & Q. R. Co. v. Guild, 3 Kansas App. 736, 45 Pac. Rep. 452; Richolson v. Freeman, 56 Kan. 463, 43 Pac. Rep. 772; Thompson v. Warren, 118 Ga. 644, 45 S. E. Rep. 912; Kansas City W. & N. W. R. Co. v. Ryan, 49 Kan. 1, 30 Pac. Rep. 108; Massy v. State 50 Fla. 109. There are other authorities contra to the above, but in our opinion the above announce the correct rule. Some of the authorities cited above hold that where the trial judge expresses in his order overruling a motion for new trial that he is of the opinion that the evidence preponderates against the verdict that it becomes his imperative duty to set such verdict aside and to grant a new trial, and that if he fails to do so the appellate court will reverse his ruling on that ground alone without regard to what its conclusions may be as to the weight of the evidence in the record. But we entirely agree with the Circuit Judge in his estimate of the preponderating weight of the evidence in the case, and are of the opinion that it overwhelmingly preponderates in favor of the defendant below. In view of the fact that the defendant Water Works Company had no sort of connection with originating the fire that consumed the plaintiff's property, and are liable only on the theory of failure to comply with their contract duty to supply water for fire protection at an agreed pressure of forty pounds to

the square inch in its water mains, and that the plaintiff's property would have been saved from destruction but for such failure, and in view of the further fact that of necessity in arriving at the solution of the question of the defendant's liability the performances of another agency, to-wit, the city fire department in its efforts to subdue the fire, have to be considered, we are of the opinion that the burden of proof is at all times on the plaintiff in such a case, and that he is required to show by a preponderance of the evidence, first, that the water company failed to supply water in the quantity called for by its contract with the city, and, second, that but for such failure the plaintiffs property could have been saved from destruction. Does the plaintiff's proofs come up to this requirement? We do not think that it does. The plaintiff's proofs, chiefly from bystanders at the fire, shows that one or two streams of water from a hydrant at the corner of Cass and Franklin streets appeared to such witnesses to be weak and ineffectual—did not reach further than twelve or fifteen feet from the nozzles at the end of the hose, and that the firemen did not seem to be able to get these streams into the second story windows of the building, and that they were not of sufficient force to break the glass in said windows; and one of the defendant's witnesses testified that one stream coming from the above mentioned hydrant was a weak stream, but it was nowhere shown that that hydrant had been turned on properly so as to permit a full flow of water through the same from the mains. On the other hand it was overwhelmingly proven for the defendant that instantly upon the alarm of this fire being turned in it put direct pressure from its pumps at the pumping station into the water mains, and that at the scene of the fire the water pressure in its mains was upwards of fifty-eight pounds to the square inch at which pressure and even at a higher figure it was maintained

until the fire ended. The defendant also proved by the chief of the fire department and other firemen present at the fire that the supply of water was abundant and the pressure good. The record of the pressure gauges filed in evidence also showed that the water pressure in the defendant's mains at the scene of the fire was considerably higher than the defendant was obligated by its contract with the city to maintain therein for fire protection. And besides this the defendant introduced much evidence showing that this fire originated from a defective gasoline lighting plant located in a store room filled with much combustible materials, the upper story being used as an armory by a military company where they kept considerable quantities of loaded cartridges and other ammunition, which ammunition exploded during the fire—and that there was also an explosion of a tank of gasoline in the building during the fire—so that with a gasoline fed fire in a building filled with dangerous explosives and much combustible matter such as is shown to have been the case here it becomes very questionable indeed whether the plaintiff's property could have been saved from destruction even had the defendant maintained double the pressure on its water mains that its contract with the city called for.

The judgment of the court below is reversed.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.