No. 20,519.

MARY T. WALSH, as Administratrix, etc., *Appellant,* v. THE JOPLIN & PITTSBURG RAILWAY COMPANY, *Appellee.*

#### SYLLABUS BY THE COURT.

1. TRIAL—*Evidence—Demurrer Overruled—New Trial.* Where a trial court grants a new trial for the reason that the verdict is not sustained by the evidence, but is contrary thereto, and for the further reason that the court erred in overruling a demurrer to the evidence, the order granting the new trial will not be set aside on the ground that the court did not err in overruling the demurrer to the evidence.

2. SAME — *New Trial — Conflicting Evidence.* Under the circumstances disclosed in the first section of this syllabus, an order of the trial court granting a new trial will not be set aside where the evidence is conflicting.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed April 7, 1917. Affirmed.

*W. P. Dillard, J. G. Sheppard,* both of Fort Scott, *L. H. Phillips,* of Pittsburg, and *C. A. McNeill,* of Columbus, for the appellant.

*John P. Curran,* of Pittsburg, *A. H. Skidmore,* of Columbus, *Edward C. Wright,* and *Charles L. Dort,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from an order granting a new trial.

In this action the plaintiff, as administratrix, seeks to recover damages, under the federal employers' liability act, for the death of her husband, Robert Henry Walsh. The cause was tried by a jury, and at the close of the plaintiff's evidence a demurrer thereto, filed by the defendant, was overruled. A verdict was returned in favor of the plaintiff and special questions were answered. On the motion of the defendant the court granted a new trial, on the ground that the verdict was not sustained by, but was contrary to, the evidence, and on the further ground that the court erred in overruling the demurrer to the plaintiff's evidence.

1. The plaintiff argues that the court did not commit any error in overruling the demurrer to her evidence. Even if the court was mistaken when it declared that the demurrer to the evidence should have been sustained, the plaintiff can not complain of that mistake until judgment has been rendered against her.

2. The plaintiff insists that there was sufficient evidence to sustain the verdict, and that judgment should have been rendered in her favor. The question of whether there was or was not sufficient evidence to sustain the verdict will not be determined by this court under the order granting a new trial, for the reason that the evidence on the vital points in the case was very conflicting. Some of the evidence tended to sustain the plaintiff's petition, while much of it tended to show that the defendant was not liable. Under these circumstances, if, upon weighing the evidence presented, the trial court was dissatisfied with the verdict of the jury, it was his duty to set aside the verdict and grant a new trial. (*K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108.) Numerous other cases might be cited in support of this rule. One more is deemed sufficient—*White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589.

The judgment is affirmed.