No. 20,452.

J. E. BALL, *Appellee*, v. CHARLES COLLINS and E. V. HOLDING, *Appellants*.

### SYLLABUS BY THE COURT.

1. TRIAL—*Duty of Trial Court—Verdict Set Aside—New Trial.* Rule followed that if, upon weighing the evidence, the trial court is dissatisfied with the verdict of the jury, it is his duty to set aside the verdict and grant a new trial.

2. SAME—*New Trial.* Error in overruling a demurrer to evidence will not cause the reversal of an order granting a new trial, where the appeal is specifically from that order.

Appeal from Bourbon district court; CHARLES E. HULETT, judge. Opinion filed May 12, 1917. Affirmed.

*A. M. Keene,* of Fort Scott, for the appellants.

*John L. Connolly,* and *James B. Connolly,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from an order granting a new trial.

The plaintiff sought to recover on a promissory note and to foreclose a chattel mortgage given to secure the payment of the note. The defendants answered that the note was altered by increasing the amount thereof without their consent or authority, after it had been signed by them; that it was given in part payment for the purchase of a certain business in Fort Scott; that the plaintiff agreed to perform certain services in connection with the sale of the business; that he failed, neglected and refused to render these services; and that there was $70 due the defendants from the plaintiff. The evidence was conflicting. The jury returned a verdict in favor of the defendants for $70, and found that the plaintiff had changed the note innocently. On the plaintiff's motion, a new trial was granted "on the sole ground that the verdict of the jury did not meet with the approval of the court."

1. The defendants insist that the court erred in sustaining the plaintiff's motion for a new trial, and argue that the reason

given by the court for granting a new trial was arbitrary, unwarranted and insufficient. The motion for a new trial named all the statutory grounds. The defendants cite *Bour- quin v. Railway Co.*, 88 Kan. 183, 127 Pac. 770, to support their contention that, upon a motion for a new trial on several grounds, the trial court, in sustaining the motion, should state: the specifications which are upheld and those which are over- ruled. In that case this court said:

"Where a motion for a new trial. on all the statutory grounds has been sustained generally this court on appeal will assume, in support of the ruling, that the trial judge was not able to reconcile the verdict with what he regarded as the true weight of the reliable testimony." (Syl. ¶ 1.)

The defendants also cite *Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348. In that case the court said:

"The discretion of district courts in the matter of granting or re- fusing new trials is a legal, not a capricious, one. It must be warranted by law and guided by established precedent. It may not be exercised simply because the judge might wish the verdict to be otherwise. The applicant therefor must show a legal reason for its exercise. The saying that it takes thirteen to render a verdict has passed to an adage, but can mean nothing more than that, in cases where conflicting evidence raises a substantial and serious doubt in the mind of the trial judge of the correctness of the conclusion reached by the jury, he may interfere." (p. 337.)

Other decisions of this court are cited by the defendants, but they do not break down the rule that—

"If, upon weighing the evidence presented, the trial court was dis- satisfied with the verdict of the jury, it was his duty to set aside the verdict and grant a new trial." (*Walsh v. Railway Co.*, 100 Kan. 232, 233, 164 Pac. 184.)

(See, also, *Richolson v. Freeman*, 56 Kan. 463, 43 Pac. 772; *Railway Co. v. McClure*, 58 Kan. 109, 112; 48 Pac. 566; *Rail- road Co. v. Matthews*, 58 Kan. 447, 452, 49 Pac. 602, and *Bank v. Goodrich*, 96 Kan. 719, 153 Pac. 541.)

The verdict did not meet with the approval of the trial court; it was his duty to grant a new trial.

2. Each of the defendants, at the close of the plaintiff's evidence, filed a demurrer thereto. These demurrers were overruled. The defendant Collins argues that it was error to overrule his demurrer. In his brief the plaintiff says:

"Appellants [evidently meaning appellee] frankly admit that the tes- timony on the part of appellee shows that at the time that appellee

altered said note and mortgage that appellee did not get the consent of said appellant, Chas. Collins, to said alteration, neither does the evidence show that said alteration was made in appellant, Chas. Collins', presence. The evidence does show, however, that shortly after said alteration that the appellant, Chas. Collins, learned that appellee had altered said note and mortgage and that he remained silent and made no protest until appellee spoke to him regarding the same. Appellee contends that his conduct was such that he ratified the same and that the trial court was correct in overruling said demurrer."

Section 6652 of the General Statutes of 1915 in part reads:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon it is avoided, except as against a party who has himself made, authorized or assented to the alteration."

Authority or assent requires some affirmative action or statement. No such action or statement on the part of Collins was shown. He did not, within the meaning of the statute quoted, ratify the alteration. His demurrer to the plaintiff's evidence should have been sustained. However, the error committed by the court in refusing to sustain that demurrer is not now available to Collins, for the reason that his appeal is specifically from the order granting a new trial.

The judgment of the court granting a new trial will not be set aside as to either of the defendants, and is therefore affirmed.

WEST, J., not sitting.