### No. 24,447.

GEORGE A. LOIT et al., *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LEAVENWORTH AND RENO TOWNSHIP, LEAVENWORTH COUNTY, *Appellees.*

#### SYLLABUS BY THE COURT.

NEW TRIAL GRANTED—*No Grounds Therefor Stated by Trial Court.* Rule followed that when a motion for a new trial setting up several grounds is allowed generally and the record fails to show the particular ground on which the order was placed, it cannot be reversed if it may be justified upon any of the grounds alleged in the motion.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed May 12, 1923. Affirmed.

*J. B. Wilson,* and *A. C. Wilson,* both of Lawrence, for the appellants.
*Floyd E. Harper,* of Leavenworth, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order sustaining a motion of defendant asking a new trial. Plaintiffs sought a recovery of damages occasioned by a defective bridge which gave way when

plaintiff's truck was being driven over it. The action was first brought against the commissioners of Leavenworth county and afterwards, with the permission of the court, Reno township of that county was added as a defendant. Later the county went out of the case on a demurrer and the case proceeded against the township only.

It is alleged that the defective bridge was constructed and had been maintained by the township on a public highway; that it was the duty of the township to keep it in repair and that the township trustee had due notice and knowledge that it was out of repair and unfit for public travel. The verdict awarded plaintiffs damages in the sum of $310.56, whereupon the defendant filed a motion for a new trial in which ten specific grounds were stated. Among them were: misconduct of the jury, error in instructions given, that the verdict was contrary to the evidence, that it was contrary to law, and had been given under passion and prejudice of the jury. The court sustained the motion and granted a new trial, but did not specify the grounds upon which the ruling was based. It is said in argument that there was error in the instructions given and we are asked to review the correctness of the charge as to what constituted due notice to the trustee of a defect in the bridge and as to whether it was the duty of the county or township to maintain it and also as to whether the approach to the bridge was a part of the structure. There was a conflict in the evidence as to whether the township trustee had notice or knowledge of the defect prior to the accident. It was disputed, too, that it was a township bridge, and that it was the duty of the township to keep it in repair and fit for travel. As the order was made we cannot determine the reason or basis of the ruling. If the court had specified the ground upon which the new trial was allowed a review might be had at this stage of the proceeding, but not being stated the order of the court cannot be reviewed if any of the assigned grounds warranted the ruling. It cannot be determined whether the trial judge regarded the evidence to be insufficient to show notice to the trustee of the defect in the bridge, or whether it was sufficient to establish that the bridge was a township structure and that the duty devolved on it to maintain the bridge. The motion may have been allowed for the reason that there was error in the instructions as to the rule by which the jury should determine whether the defective bridge was a county or a township structure, but whatever the ground, it is evident that the judge was unwilling to approve the verdict. If he thought that it was not

supported by evidence, or that the jury had not been fully or correctly instructed, or had not followed the instructions given so that an unjust verdict had been reached, it was clearly the duty of the judge to set the verdict aside and grant a new trial. It has been decided that "When the judgment of the trial judge tells him the verdict is wrong, . . . no duty is more imperative than that of setting it aside and remanding the questions at issue to another jury." (*K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, 12, 30 Pac. 108. See, also, *Hudson v. Riley*, 104 Kan. 534, 180 Pac. 198.)

It is settled law that when a motion for a new trial setting up several grounds is allowed generally and the record fails to show upon what particular ground the order was placed, it cannot be reversed if it may be justified upon any of the grounds stated in the motion. (*Rowell v. Gas Co.*, 81 Kan. 392, 105 Pac. 691; *Ingalls v. Smith*, 93 Kan. 814, 145 Pac. 846.)

It cannot be said upon the record before us that the order was improperly made. If the defendant had applied in time doubtless the judge would have specified the ground or grounds upon which his ruling was placed. The defendant in its brief states that a letter was written to the judge about a year after the decision was made asking him to indicate the grounds of his ruling and in answer the judge refused to specify the grounds at that time, and in that connection said he recalled that the evidence was conflicting on some questions and that he felt that the rules of law involved had not been fully presented by the instructions given to the jury. In view of his refusal to specify the grounds and further that the correspondence referred to is not a part of the record, we cannot hold that questions on the instructions and on the order made are open to review.

The judgment is affirmed.