## No. 25,787.

MABEL F. SANDERS, *Appellant*, v. THE BANK SAVINGS LIFE INSURANCE COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Findings Contrary to Evidence*. Rule followed that when the trial court is not satisfied with the manner in which the jury dealt with the evidence, it is the court's duty to grant a new trial.

2. LIFE INSURANCE—*Nonpayment of Premium—Cancellation Notice*. A notice of intention to cancel an insurance policy for nonpayment of premium, and an affidavit that such, notice was given, considered, and held to conform to the statute. (R. S. 40-333.)

3. SAME—*Cancellation Notice—Statutory Presumption*. Oral testimony that no cancellation notice was found among the policyholder's papers after his death is not sufficient to overcome the statutory evidence that notice was duly given.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed March 7, 1925. Affirmed.

*W. B. Hess,* of Pratt, for the appellant.

*R. F. Crick,* of Pratt, and *E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover on an insurance policy. A verdict was returned in favor of plaintiff, on which judgment was entered. In due time a motion for new trial was filed, which the court sustained. Plaintiff appeals.

The defense was that the semiannual premium due March 26, 1921, was not paid, and that on April 27, 1921, the statutory notice of cancellation of the policy, unless premium were paid, was given. The jury returned the following findings of fact:

"No. 1. Did Edgar B. Sanders, or any one for him, pay the premium on the policy in question due on the 26th day of March, 1921? Answer: Yes.

"No. 2. Did the defendant cause to be mailed to Edgar B. Sanders a notice on the 27th day of April, 1921, stating the amount of premium due and unpaid and of its intention to forfeit or cancel the policy in question, and inclose such notice in an envelope addressed to Edgar B. Sanders, Pratt, Kansas, postage prepaid? Answer: No."

Keeping track of payment and nonpayment of premium, and taking steps to protect against liability on policies producing no premium, are vital matters to any insurance company. The method is usually according to some system which affords slight opportunity for error or mistake, and regular operation of the system is strong proof of correctness of result. In this instance the defendant's secretary described an apparently efficient system of premium accounting employed by the company, and the various records required by the system, supplemented by the secretary's testimony, disclosed that the insured defaulted in payment of the March, 1921, premium, and that the statutory notice of intention to cancel was duly given. There was no direct evidence, oral or documentary, of payment of the premium. The insured made some dying declarations that his insurance was all paid up, and there was conflicting testimony concerning conduct and statements of an agent of the company relating to status of the insurance. The evidence that notice of cancellation was not given consisted of testimony that, after death of the insured, a person who examined his papers found no such notice among them. One of the grounds for the motion for new trial was that the verdict was contrary to the evidence. The special findings of the jury necessarily inhered in the general verdict. The order granting a new trial stated that the evidence was insufficient to sustain the findings that premium was paid and notice was not given. Since the court was

not satisfied with the manner in which the jury had dealt with the evidence, it was the court's duty to grant a new trial. Granting the new trial operated to vacate the findings, the verdict and the judgment.

The insured held two policies of $5,000 each, issued by the company. One was in good standing at the time of the insured's·death, and the company paid it. Fairly considered, the evidence showed quite conclusively that the March, 1921, premium on the other policy was not received by the company, and there was no satisfactory evidence that any arrangement was made for its payment. Therefore, the subject of notice of cancellation became important. The statute reads as follows: .

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company, in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation, authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be *prima facie* evidence that such notice has been duly given." (R. S. 40-333.)

Each policy issued by the company has an application pocket number, and the original application, correspondence and other papers referring to that policy are kept in the numbered pocket in the company's vault. A carbon copy of the cancellation notice, which the company claims it gave the insured, was retained, and was filed in the proper pocket. The copy was introduced in evidence, and the notice complied with the statute. The copy of notice was attached to an affidavit of mailing, which reads as follows:

"AFFIDAVIT.

"STATE OF KANSAS, SHAWNEE COUNTY, ss.

"R. C. Burge, being first duly sworn, on her oath deposes and says that she is assistant secretary of the Bank Savings Life Insurance Company, and as such assistant secretary she is authorized to mail notices to policyholders provided for by the laws of the state of Kansas. Affiant further states that on the 27th day of April, 1921, she caused to be mailed to Edgar B. Sanders a notice, a true copy of which is hereto attached, marked 'Exhibit A' and made

a part hereof. Affiant further states that said notice was inclosed in an envelope addressed to Edgar B. Sanders, Pratt, Kansas, the same being the last known address of the said Edgar B. Sanders, and that said notice, inclosed in an envelope as aforesaid, with postage prepaid, was deposited in the post office of the city of Topeka, Kansas, on the 28th day of April, 1921.

"(Signed)     R. C. Burge."

"Subscribed and sworn to before me at Topeka, Kansas, this 12th day of May, 1922.                    (Signed)     Agnes G. Kelley, *Notary Public.*

"My term expires March 15, 1925."

Plaintiff says there was no proof outside the affidavit that R. C. Burge was a person authorized to make it. The secretary of the company testified that his company has a mailing clerk, Miss George, who mails out cancellation notices; that R. C. Burge is assistant secretary of the company, and that she makes out the cancellation notices which Miss George mails. The secretary testified further, however, that Miss Burge's duties as assistant secretary are varied, among them being general charge of the collection of premiums, and that she mails out statutory notices. Therefore, authority of Miss Burge to make the affidavit was sufficiently established. Plaintiff says the affidavit was defective in that it did not state who mailed the notice. The statute makes no such requirement, and the statement that the affiant caused the notice to be mailed was sufficient. Plaintiff says the affidavit does not show the notice was addressed and mailed by "the corporation issuing the policy." The copy of notice marked "Exhibit A" attached to the affidavit identified the policy, and while the affidavit did not state specifically that Miss Burge acted "for and on behalf of the company," the affidavit disclosed with sufficient certainty that she was acting in her official capacity. Other criticisms of the affidavit are without merit, and the affidavit proved *prima facie* that the cancellation notice was given.

The statute does not require that the notice shall be received by the policyholder, and if notice be given, the policy may be canceled unless premium be paid. The testimony that the notice was not found among the papers of the insured after his death was not introduced to show he did not receive it. The testimony was introduced to show that no notice was given. Was the testimony sufficient to overcome the statutory evidence?

In the case of *Hastings v. B. L. Ins. Co.*, 138 N. Y. 473, the court held that where failure to find a cancellation letter among papers of a decedent is coupled with the fact that evidence of mailing is

not clear and positive, the question whether the letter was mailed is one for the jury. In that case, however, it was necessary that the letter should be received in order to terminate a course of dealing and render the policy void. In this case actual receipt of cancellation notice is not essential to forfeiture, and the statutory proof that notice was given is clear and positive proof.

In the case of *Click v. Sample*, 73 Ark. 194, a school director took and subscribed the oath of office and mailed it to the county clerk. The county clerk testified the oath was not in his files, and no record of it could be found in his office. The court held the common-law presumption that the letter was received was not overcome. In the case of *Garr, Scott & Co. v. Stark*, 36 S. W. 149, the court of chancery appeals of Tennessee held that proof that a letter was not on file was not proof it was not received, and was not sufficient to overcome the presumption it was received. The decision was affirmed orally by the supreme court. The Arkansas and Tennessee decisions are in accord with standards of probative value recognized in the business world. In Dean Wigmore's opinion, failure of courts to recognize such standards causes the law to be distrusted. (1 Wigmore on Evidence, 2d ed., § 95, note, p. 331.) However this may be, the court holds in the present case that oral testimony that no cancellation notice was found among the policyholder's papers after his death was insufficient to overcome the statutory evidence that notice was duly given.

The judgment of the district court is affirmed.