No. 28,269.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellee*, v. CHARLES RINKEL, *Appellant*.

(271 Pac. 311.)

Opinion filed November 3, 1928.

*John W. Davis* and *Russell L. Hazzard*, both of Greensburg, for the appellant.

*T. A. Noftzger, George W. Cox, W. J. Masemore, Lawrence Weigand*, all of Wichita, and *O. G. Underwood*, of Greensburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order setting aside a verdict and one of the findings of fact returned by a jury and granting a new trial. The action is one to recover twenty-five cents a bushel damages provided for in a wheat growers' contract entered

into under sections 17-1601 to 17-1625, inclusive, of the Revised Statutes.

The evidence was submitted to a jury, which returned a verdict in favor of the defendant and answered special questions as follows:

"1. Do you find that the defendant was induced to sign the contract with the plaintiff by the fraudulent representations made by plaintiff's agent at the time he entered into the contract? Yes.

"2. If you answer question No. 1 in the affirmative, state what the false representations were. A. That a representative of said association falsely and fraudulently represented to defendant that all of the other farmers of Kiowa county living in the vicinity of said defendant had signed a similar contract.

"3. State when defendant discovered that said representations were false. A. Last part of June, 1924.

"4. Did the defendant sign plaintiff's exhibit No. 2 on or about November 5, 1924? A. No."

The plaintiff filed a motion for a new trial in which it alleged that "the special findings are contrary to the evidence," and that "because of abuse of discretion of the court, misconduct of the jury and the defendant, and for accident and surprise which ordinary prudence could not have guarded against, . . . the plaintiff was not afforded a reasonable opportunity to present its evidence and be heard on the merits of the case." In response to the motion for a new trial, the court set aside the general verdict and the answer to special question No. 4, sustained the motion, and granted a new trial. The reasons for granting a new trial are not disclosed by the record. One of the issues presented to the jury was whether or not the defendant signed the exhibit, a proxy from the defendant to another to represent the defendant in meetings of the association. The court evidently thought that the answer to the question was contrary to what it ought to have been, and thought that the verdict was wrong.

In *Shore v. Shore,* 111 Kan. 101, 205 Pac. 1027, this court declared that—

"When reviewing a verdict or special finding, the district court acts according to its own independent judgment, and should set aside either or both when satisfied the jury has not properly discharged its functions." (Syl. ¶1.)

See, also, *K. P. Rly. Co. v. Kunkel,* 17 Kan. 145, 172; *U. P. Rly. Co. v. Diehl,* 33 Kan. 422, 425, 6 Pac. 566; *Lee v. Bermingham,* 39 Kan. 320, 323, 18 Pac. 218; *Bass v. Swingley,* 42 Kan. 729, 732, 22 Pac. 714; and *Yard v. Gibbons,* 95 Kan. 802, 814, 149 Pac. 422.

In *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108, this court declared that—

"If the trial judge is dissatisfied with the verdict of the jury, upon weighing the evidence presented, it is his duty to set aside the verdict and grant a new trial."

See, also, *Coal & Mining Co. v. Stoop,* 56 Kan. 426, 428, 43 Pac. 766; *Richolson v. Freeman,* 56 Kan. 463, 465, 43 Pac. 772; *Caldwell v. Brown,* 56 Kan. 566, 570, 44 Pac. 10; *Luse v. Railway Co.,* 57 Kan. 361, 369, 46 Pac. 768; *Railway Co. v. McClure,* 58 Kan. 109, 112, 48 Pac. 566; *Railroad Co. v. Matthews,* 58 Kan. 447, 452, 49 Pac. 602; *White v. Railway Co.,* 91 Kan. 526, 527, 138 Pac. 589; *Bank v. Goodrich,* 96 Kan. 719, 720, 153 Pac. 541; *Walsh v. Railway Co.,* 100 Kan. 232, 233, 164 Pac. 184; *Butler v. Milner,* 101 Kan. 264, 266, 166 Pac. 478; *Hudson v. Riley,* 104 Kan. 534, 537, 180 Pac. 198; *State v. Frey,* 111 Kan. 798, 802, 208 Pac. 574; *Loit v. Reno Township,* 113 Kan. 492, 494, 214 Pac. 1110; *Bowman v. Foundry Co.,* 117 Kan. 66, 67, 230 Pac. 320; *Davis v. Central States Fire Ins. Co.,* 121 Kan. 69, 70, 245 Pac. 1062; *Stroup v. Northeast Oklahoma Rld. Co.,* 122 Kan. 587, 592, 253 Pac. 242.

The defendant complains of the introduction of expert evidence on the hearing of the motion for a new trial to show that the signature to the proxy was that of the defendant. A discussion of this question would be useless because it was the duty of the court to set aside the verdict if not satisfied with it, even if the evidence complained of had been erroneously admitted.

Under repeated declarations of this court, the order granting a new trial in the present action cannot be reversed. It is affirmed.