No. 30,558.

A. D. Jones, *Appellee,* v. Charles Prather, *Appellant.*

(15 P. 2d 403.)

Opinion filed November 5, 1932.

*Charles C. Calkin,* of Kingman, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: A. D. Jones brought this action against C. M. Prather to recover on an account which consisted of automobile supplies furnished, car rent and car services, amounting to $120.74.

The defendant denied the alleged indebtedness and also presented a counterclaim for damages as against anything owing by him. On a trial the jury found generally for defendant, but did not fix the amount of recovery. A motion for a new trial was made by plaintiff, which was granted by the court, on the grounds that error had been committed in an instruction given to the jury as to the measure of damages and also the further ground that the evidence of defendant was insufficient to support his claim. The defendant appeals from the ruling granting a new trial.

Among the items in the account is one for two trunks purchased by defendant, and it is admitted that the agreed price was $60 for the trunks. Defendant's contention was that he purchased two automobiles from plaintiff, which were equipped with four-ply tires,

which the defendant did not consider to be heavy enough, and agreed with plaintiff to substitute for the tires then on the automobiles ten new six-ply heavy-duty tires, for which the plaintiff was to pay and did pay the extra amount of $62.50; that defendant did not have sufficient knowledge of casings and tubes to identify and know the kind and quality of casings and tubes on the cars, and that plaintiff, fraudulently claiming to have substituted the heavier casing, failed to do so, and that the defendant after using the tires for a short time, learned that they were light four-ply tires instead of six-ply which plaintiff agreed to furnish and for which payment was made.

In determining plaintiff's motion for a new trial, the court decided that the evidence was not sufficient to sustain defendant's claim or the finding of the jury in favor of the defendant, and also that there was error in an instruction relating to the measure of damages. All the testimony produced at the trial is not included in the abstract. Having found that the evidence did not sustain the finding and verdict of the jury, the court could do no other than to grant a new trial. The court has an important function to perform when the sufficiency of the evidence to uphold the verdict is challenged by a motion for a new trial. On that motion the court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict returned by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It has been announced so frequently and is so well understood that the citation of all the authorities is unnecessary. A sample of these rulings may be found in the reports following in which many others are cited: *Richolson v. Freeman,* 56 Kan. 463, 43 Pac. 772; *Railway Co. v. McClure,* 58 Kan. 109, 48 Pac. 566; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Ball v. Collins,* 100 Kan. 448, 165 Pac. 273; *Sanders v. Bank Savings Life Ins. Co.,* 118 Kan. 120, 233 Pac. 1017; *Kansas Wheat Growers' Ass'n v. Rinkel,* 126 Kan. 733, 271 Pac. 311.

It appears that the court deemed an instruction which it had given to the jury relating to the measure of damages to be an error. It does seem to be somewhat incomplete and inadequate, but however that may be, the finding by the court that the evidence did not sustain the verdict, left the court no other alternative than to grant a new trial.

There is no merit in the appeal and it is therefore dismissed.