No. 40,000

H. J. Nicholas, *Appellee*, v. Marshall H. Latham and Bernice E. Latham, *Appellants*.

(295 P. 2d 681)

Opinion filed April 7, 1956.

Louis A. Silks, Jr., of Merriam, argued the cause and was on the briefs for the appellants.

A. J. Herrod, of Kansas City, argued the cause, and Edward T. Matheny, Jr., of Kansas City, Mo., and John W. Breyfogle, Jr., of Olathe, were with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action in replevin to recover possession of an automobile. The trial was had by a jury, which found for defendants. This appeal is from an order granting plaintiff a new trial and setting aside an answer to a special question.

The pleadings may be summarized as follows: The petition alleged that defendants (appellants) Marshall H. Latham and Bernice E. Latham are husband and wife; that they executed and delivered to plaintiff (appellee) the promissory note and chattel mortgage in question; that the chattel mortgage was duly recorded; that default had been made on the promissory note and chattel mortgage, and that defendants had failed to deliver possession of the automobile on demand. The prayer was for possession of the automobile described in the chattel mortgage, and if possession could not be had, for judgment against defendants upon the promissory note, and for damages for wrongful detention of the automobile.

The defendants filed separate pleadings. The answer and counterclaim of Bernice E. Latham specifically denied the execution of the promissory note and the chattel mortgage. It alleged her joint ownership of the automobile; that it was used by her husband as the head of their family in his business and for his means of livelihood and was exempt; that the chattel mortgage was void because she did not sign it and that plaintiff had no right or title to the automobile. Her counterclaim asked actual and exemplary damages for the illegal and malicious acts of plaintiff in taking and depriving her of the use of the automobile and for its return to her possession.

The answer and counterclaim of Marshall H. Latham was similar in purport to that of Bernice. He expressly denied the execution of the promissory note and the chattel mortgage. He alleged that he was the joint owner of the automobile with his wife; that it was used in his business and for the means of livelihood for himself and his family; that it was exempt personal property under the laws of Kansas; that his wife did not sign the alleged chattel mortgage and

that pursuant to G. S. 1949, 58-312, the purported instrument was void. His counterclaim, like that of his wife, asked for actual and exemplary damages for the illegal and malicious acts of plaintiff in taking and depriving him of the use of the automobile in his business; for its return to his possession, and for the reasonable value of services he had rendered plaintiff, which were due and unpaid.

Plaintiff replied to the new matters alleged in the answer of each defendant. He denied that the automobile was exempt. He alleged that if Bernice did not actually execute and sign her own name to the promissory note and the chattel mortgage, they were nonetheless valid for the reason she authorized the execution of the chattel mortgage and that it was executed by her authorized agent and binding upon her as principal; that she had ratified its execution by her agent and was bound thereby; that the chattel mortgage was a purchase money mortgage and her signature was not essential to its validity; and, further alleged that Bernice was estopped from denying she executed and signed the promissory note and chattel mortgage by reason of her acts and conduct, which are not herein detailed.

A reply of similar import was filed to Marshall's answer and counterclaim.

With the issues thus joined, the cause was tried by a jury.

At the close of plaintiff's evidence, each defendant demurred. The demurrers were overruled. The defendants did not elect to stand on their demurrers, but introduced their evidence. The jury returned a general verdict for the defendants, and answered all special questions submitted by the court favorable to the contentions of the defendants.

Timely motions were filed by plaintiff to vacate and set aside the verdict rendered by the jury; to grant plaintiff a new trial, and to set aside the jury's answer to special question No. 7.

The trial court made the following memorandum order:

"Now on this 7th day of April, 1955, the Court determines that the motion of the plaintiff for a new trial in the above entitled matter should be and is hereby sustained, and further finds that the motion to set aside the answer to specific question No. 7 should be and the same is hereby sustained.

"*The Court is dissatisfied with the verdict rendered on all of the evidence and pleadings presented.*" (Emphasis supplied.)

For purposes hereinafter noted, defendants' notice of appeal is set forth herein, which reads:

"Take notice that the defendants, Marshall H. Latham and Bernice E.

Latham, do and hereby appeal from the order rendered and made in the above-entitled action on the 7th day of April, 1955, said order sustaining plaintiff's motion for a new trial and plaintiff's motion to set aside the answer to special question No. 7."

We shall take up defendants' first specification of error. It is contended that the trial court erred when it overruled the demurrers at the close of plaintiff's evidence. A short answer to this contention is that defendants did not appeal from the order overruling their demurrers, consequently, this point is not before us. The appeal is only from the order of the trial court of April 7, 1955, which sustained plaintiff's motion for a new trial and set aside the jury's answer to special question No. 7. No effort was made by defendants to amend their notice of appeal, as authorized by G. S. 1949, 60-3310, and thus broaden its scope to include the contention here made. This court has previously held that rulings on motions or demurrers, not included in the notice of appeal, are not subject to appellate review. In *Baker v. Maguire's, Inc.*, 176 Kan. 579, 580, 272 P. 2d 739, the court said:

"We are confronted with complaints on rulings as to matters which were the grounds for a motion for a new trial, but there is no appeal from that ruling, nor for that matter any appeal from any ruling made either during or subsequent to the trial. It has been held repeatedly that rulings on such motions not included in the notice of appeal are not subject to review. See e. g. *In re Estate of Young*, 169 Kan. 20, 217 P. 2d 269; *Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co.*, 168 Kan. 259, 264, 212 P. 2d 348; *Salt City B., L. & S. Ass'n v. Peterson*, 145 Kan. 765, syl. No. 1, 67 P. 2d 564; *Skaggs v. Callabresi*, 145 Kan. 739, syl. No. 2, 67 P. 2d 566; *Mundell v. Franse*, 143 Kan. 139, 140, 53 P. 2d 811, and other cases cited in the above."

See, also, *Kniffen v. Hercules Powder Co.*, 164 Kan. 196, 188 P. 2d 980.

Since the notice of appeal did not include the trial court's ruling on the demurrers, it follows that defendants' first specification of error presents nothing for appellate review.

In view of the conclusion just reached, it is sufficient to say defendants' appeal is expressly limited to the single question of whether the trial court properly sustained plaintiff's motion for a new trial. Defendants contend that error was committed in granting the motion because (*a*) plaintiff failed to make a submissible cause and defendants are entitled to judgment as a matter of law; (*b*) that the trial court abused its discretion in granting the new trial; and, (*c*) that the trial court acted arbitrarily and capriciously and was influenced by prejudice and bias.

We find little merit in this contention. The trial court expressed as clearly and concisely as it could its dissatisfaction with the verdict of the jury when considered in the light of all the evidence and the pleadings in the case. Having expressed dissatisfaction with the verdict, the trial court could do no other than grant a new trial. The trial court has an important function to perform when the verdict is challenged by a motion for a new trial. On that motion the trial court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It is well stated in *Bishop v. Huffman,* 175 Kan. 270, 274, 275, 262 P. 2d 948, wherein the court said:

"The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the light of principles to which this court has universally adhered, i. e., that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.,* 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller,* 168 Kan. 111, 112, 211 P. 2d 440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed question of law (*Bateman v. Roller,* p. 113, *supra; Schroeder v. Texas Co.,* p. 609, *supra*)."

This rule has been considered so frequently and it is so well understood that the citation of all of the authorities is unnecessary. A few of the Kansas reports where it was applied are: *Richolson v. Freeman,* 56 Kan. 463, 43 Pac. 772; *Railway Co. v. McClure,* 58 Kan. 109, 48 Pac. 566; *Ireton v. Ireton,* 62 Kan. 358, 63 Pac. 429; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Ball v. Collins,* 100 Kan. 448, 165 Pac. 273; *Sanders v. Bank Savings Life Ins. Co.,* 118 Kan. 120, 233 Pac. 1017; *Kansas Wheat Growers Ass'n v. Rinkel,* 126 Kan. 733, 271 Pac. 311; *Ferguson v. Kansas City Public Service Co.,* 159 Kan. 520, 156 P. 2d 869; *Raines v. Bendure,* 166 Kan. 41, 199 P. 2d 456; and, *Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589.

Many reasons may have existed in the mind of the trial court as to why it was dissatisfied with the jury's verdict, but when it reached that conclusion, we cannot inquire about the result or the reasons

for it. We conclude that the trial court did not abuse its discretion in granting the new trial; nor did it act arbitrarily or capriciously, nor was it influenced by prejudice and bias in doing so, nor are defendants entitled to judgment as a matter of law for the reason that the trial court had expressed complete dissatisfaction with the jury's verdict.

One point remains, which will be briefly commented upon. The order of the trial court granting a new trial set aside the verdict and the answers to all the special questions. The case stands as it did before trial; there is no verdict, nor special questions. Our reports are replete with authorities to this effect, a few of which are: *McCrum v. Corby*, 15 Kan. 112; *Cahn v. Tootle*, 58 Kan. 260, 48 Pac. 919; *Johnston v. Lanter*, 92 Kan. 257, 139 Pac. 1031; *Peoples Nat'l Bank v. Casey*, 127 Kan. 581, 274 Pac. 286; *Foust v. Mills*, 128 Kan. 471, 278 Pac. 745; *Lapo v. Neillieux*, 139 Kan. 23, 29 P. 2d 1093; *Commander-Larabee Milling Co. v. McBride*, 152 Kan. 709, 107 P. 2d 668; and, *Ferguson v. Kansas City Public Service Co.*, supra.

In view of the trial court's express finding of dissatisfaction with the verdict rendered on the evidence and pleadings, it had no alternative but to grant the new trial.

The order granting the new trial is affirmed.