No. 40,270

Betty Hook, *Appellant,* v. Floyd Snell, *Appellee.*

(304 P. 2d 516)

Opinion filed December 8, 1956.

*Charles Rooney, Sr.* of Topeka, argued the cause, and *Charles Rooney, Jr.*, also of Topeka, was with him on the briefs for appellant.

*Harold E. Doherty*, of Topeka, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: Plaintiff sued the defendant for damages resulting from assault and battery, which occurred in a churchyard following the dismissal of church services at approximately 12:00 o'clock noon.

The facts are briefly summarized: Plaintiff was standing in the churchyard talking with another church member concerning marital difficulties between her and her husband; the defendant, her brother-in-law, came up to her and told her not to bring their family troubles to church; he then struck her in the face, knocking her glasses to the ground, and grabbed and twisted one of her arms. She freed herself and started for her automobile. A short footrace ensued. Defendant overtook her and again grabbed her arm and mistreated her. She succeeded in reaching her automobile and got in and sat down; the defendant again grabbed and twisted her arm. Her husband, who was standing in the churchyard when the assault occurred, drove her to their home and she later left to seek the solace of her friends. She visited one friend near her farm home; one in Highland Park, which is in the southeast part of Topeka; called the county attorney, and drove to his home on West Eighth Street. Later she attempted to visit another friend on Plass Street. This friend was not at home and plaintiff remained there in her automobile for a period of time not disclosed by the record. She concluded to return to the home of the friend she first visited when she "blacked out" and was involved in a collision with another automobile at the intersection of Fifteenth Street and Plass in Topeka. Both automobiles were damaged and plaintiff received cuts about her face and bruises on her body. She was taken to a hospital in an ambulance where a doctor treated her injuries.

Plaintiff's indignation over the assault took the form of this action in which she asked the court to award her damages incurred by reason of the accident, for the pain and suffering she endured, and for exemplary and punitive damages.

The cause was tried by a jury. Plaintiff testified that after the altercation in the churchyard her face was swollen and bruised; that she was subject to "blacking out" or losing complete consciousness; that the automobile accident which occurred was the result of loss of complete consciousness.

Testimony was introduced, over the objection of defendant, concerning the automobile accident and the treatment which followed. The trial court deferred its ruling on this objection until plaintiff had completed her evidence at which time the defendant renewed his objection, which the trial court sustained. The trial court instructed the jury that it could not allow plaintiff damages for injuries, pain and suffering occasioned by the automobile accident on the ground of remoteness in time between the assault and the accident.

The jury returned a verdict in favor of the plaintiff in the sum of $1,000.

Plaintiff filed a motion for a new trial on several grounds. This motion was sustained and a new trial was granted generally. Plaintiff has appealed and seeks appellate review of grounds of her motion not favorably considered by the trial court.

The order of the trial court granting a new trial set aside the verdict and this case stands as it did before the trial. (*Nicholas v. Latham,* 179 Kan. 348, 353, 295 P. 2d 631 and cases cited therein.) Plaintiff obtained what she sought—a new trial, and now seeks to have this court determine in advance questions which may arise during that trial. The effect of plaintiff's contention is that this court should instruct the trial court how it should proceed when the cause is retried. This would be improper. In passing, we note one of the grounds for granting the new trial is erroneous rulings on the admission of evidence. We cannot anticipate what the evidence will be when the cause is retried, or what rulings the trial court may make concerning its presentation. There is no showing that the trial court abused its discretion and we find no error.

The judgment is affirmed.